## JOHN KILEY *et al.*

*v.*

## MARIA BREWSTER *et al.*

TRUST-DEED — *construction of a particular provision in.* Under a trust-deed containing a provision to the effect that it should be lawful for the grantee, in case of default, to enter in and upon the premises conveyed, and to sell and dipose of the same at auction, after having given notice, etc., it is not necessary, in order that a legal sale of the premises may be had by the trustee, that an entry or demand for possession should first be made by him. Entry in such case is not a condition precedent to the making of the sale.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case.

Messrs. GOUDY & CHANDLER, for the plaintiffs in error.

Messrs. SNOWHOOK & GRAY and Mr. ROBERT HERVEY, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of ejectment brought in the Cook Circuit Court by John Kiley and others against Maria Brewster and others to recover possession of part of lot 13 in block 2, Kinzie's addition, in which was a trial and verdict and judgment for the defendants. A motion for a new trial was denied. To reverse this judgment the record is brought here by writ of error, and presents a question of the first impression in this court, and of considerable importance, though lying in a small compass.

The controversy grows out of the construction to be put on this clause in the deed of trust under which the plaintiffs claimed title, and the instruction of the court thereon:

" It shall and may be lawful for the said party of the second part, his personal representative or his attorney, duly authorized, by virtue hereof, to enter into and upon all and singular the premises herein granted, or intended so to be, and to sell and dispose of the same, etc., at public sale at such hour and place as the said party of the second part may appoint, etc., and to make and deliver to the purchaser a deed of the premises," etc.

It was admitted the sale was regular, and that no entry on the premises had been made prior to the sale, or demand made for the possession.

On these facts the court instructed the jury " that no entry or demand of the possession of the premises having been proved

before the sale, to have been made by the trustee, that the sale so made was invalid. No title passed by the trustee's deed to the Kileys, and the jury should find for the defendants."

This instruction makes an entry upon the premises a condition precedent to be performed by the trustee, and it is so insisted here by the counsel for the defendant in error, on the authority entirely of the case of *Roarty* v. *Mitchell*, 7 Gray, 243.

We have examined that case, and it is like this in all essential particulars, but we cannot regard it as authority. There are no reasons given by the court for its conclusion, and the conclusion is not satisfactory. No similar case by any other court has been cited, and with our view of the law of the case, we cannot follow it for reasons which we will give.

It may be asked, of what use is an entry in any such case under our law which permits a sale of land by a party out of possession?

Next, what was the intention of the parties to this deed of trust as manifested by its terms? Certainly that the premises should be appropriated to the payment of the debt secured by the deed, and for that purpose the party of the second part could enter upon them and hold them as his own until the debt should be discharged. If that course was not deemed advisable, then the party of the second part could sell them. There is nothing in the deed requiring him, before he could sell, that he should enter. He is permitted to enter and take possession — nothing more. The right to enter, and the right to sell, are distinct modes of enforcing payment of the debt, to either of which resort might be had. We see nothing in the deed requiring us to hold that the entry was a condition precedent.

The sale being regular, the title passed to the plaintiffs in error, and they should have recovered the premises in the action. The instruction of the court prevented a recovery, and it being erroneous, the judgment of the Circuit Court must be reversed and the cause remanded, with directions to award a new trial.

*Judgment reversed.*