ANGELINA VAUGHN ET AL. *v.* HENRY POWELL ET AL.

1. HOMESTEAD. *Encumbrance of. Application of payments. Rights of wife:
   Case in judgment.*

   V. executed a deed of trust on his homestead and the crops to be grown thereon for the year 1882, to secure a debt due P. The wife of V. joined in the conveyance. Afterwards P. agreed to furnish V. with supplies for that year, and, subsequently, for the years 1883 and 1884; and V. agreed that all cotton of the crop of 1882 shipped to P. from the place mortgaged should be first credited on the account for supplies, which was done. V.

having died, his widow, in a bill of complaint filed, asked that all the encumbered cotton be applied to the debt thereby secured. *Held,* that V. had the right to devote his cotton encumbered by the deed of trust to payment for supplies, and that his wife had no claim inviolable as against his acts to have the cotton applied to the debt secured by the deed of trust.

2. TRUST DEED. *Condition precedent. Taking possession before sale. Case in judgment.*

A deed of trust provided that, on default in payment of the debt secured, the trustee " shall, at the request of the *cestui que trust,* take possession of all the property conveyed under this deed, and, after giving ten days' notice, etc., sell the same." *Held,* that taking possession of the land or demanding it was not a condition precedent to the exercise of the power of sale under such deed; the language quoted authorized but did not require the trustee to take possession of the land before sale.

APPEAL from the Chancery Court of Yazoo County.

HON. E. G. PEYTON, Chancellor.

On January 17, 1882, Plummer Vaughan executed a deed of trust for the benefit of Henry Powell on a certain tract of land, which was his homestead, the personal property thereon, and the crop to be grown thereon during the year 1882. The wife of the grantor, Angelina Vaughan, joined in this deed. The consideration, as therein recited, was an indebtedness of $1100 of Vaughan to Powell, as evidenced by the promissory note of the former, due on the first of January, 1883. The deed contains a provision as follows: "Now, if said Plummer Vaughan shall pay off and discharge the above named indebtedness at maturity, then this conveyance to be void; but if default be made in the payment of the same or any part thereof at maturity, said trustee or his successor shall at the request of said party of the third part take possession of all the property conveyed under this deed, and after giving ten days' notice, of the time, place and terms of sale by posting notices thereof in three or more public places in said county to be designated in said notices, proceed to sell to the highest bidder for cash all of said property or a sufficiency thereof to satisfy said debt."

In 1886, the beneficiary in this deed of trust, claiming that it was still unsatisfied, caused the trustee therein to sell the land thereby conveyed after giving proper notice; but the trustee did

not before making such sale take possession of the land, nor demand possession thereof. Powell became the purchaser, and afterwards sold to one Key, who had full knowledge of all the facts connected with the sale under the deed of trust. Plummer Vaughan, in the meantime having died, his wife, Angelina Vaughan, and his other heirs, declined to surrender the possession of the place to Key, and filed this bill of complaint against Powell and others, in which they alleged that the deed of trust above referred to was given to secure a debt thereafter to be created for the supplies to be furnished, and not for a subsisting debt; that the same was nearly or fully paid by Vaughan; that large quantities of cotton were shipped to Powell out of the crop of 1882, raised on the land in controversy to be applied to the debt secured by the deed of trust, but the same was not credited thereon. The bill asks that an account between Powell and the estate of Vaughan be made out, and that the sale under the deed of trust be set aside.

The defendant, Powell, answered, asserting that the deed of trust was executed to secure a pre-existing indebtedness of $1100; that he furnished supplies to Vaughan for the years 1882, 1883 and 1884, and that it was agreed between them that the proceeds of Vaughan's cotton crop, grown in 1882, should first be applied to payment of the account for the supplies, which was done; that there is still a balance due by Vaughan's estate for supplies so furnished, besides the amount due on the $1100 note. The Chancellor seems to have found the facts as stated in Powell's answer, and on final hearing decreed that the complainants were not entitled to relief and dismissed the bill.

The complainants appealed.

*Bowman & Bowman,* for the appellants.

A power of sale, like all other powers, can be exercised only in the mode and subject to the conditions prescribed in the instrument of trust, and a sale otherwise is bad, although made by decree of court, or act of the Legislature. Perry on Trusts, 783, *et seq.*; Hill on Trustees, 478–718, and notes.

Upon the same principle, if power of sale is to be exercised on some conditional event, the power cannot be exercised without the literal performance of this condition. Hill on Trusts,

§ 478–719; 2 Seeg. on Powers, 497 Sixth Ed., Stor. Eq. Jur.

This deed of trust was a contract between all the parties, and every stipulation for the benefit of the grantors and *cestui que trust* was obligatory on the trustee as to the sale and a breach was a violation of the contract. This stipulation of demand was not meaningless. It meant to give them timely notice of sale. In this case its violation was disastrous to the parties, Angeline Vaughan and the other complainants. The sale as to them was as if no notice had been given. Ten days was in addition to demand of possession.

Powell sets up that he agreed to supply afterwards, and did supply Vaughan for 1882, 1883 and 1884. If such a verbal agreement was made, we hold it invalid; for a part of the compact of the trust deed, to which the wife was a party, was that this crop should go to the payment of the $1100 note.

*D. R. Barnett,* for the appellees.

It is asserted that, inasmuch as the deed of trust covered the crop of 1882 as well as the homestead, it was not in the power of the husband (Vaughan), without the consent of his wife, who had signed the deed of trust on the homestead, to agree that the proceeds of the crop should be applied to any indebtedness other than that for which the deed of trust had been given. It was therefore insisted that the proceeds of the crop of 1882 should be applied to the debt secured by the deed of trust, and not to the debt for supplies, which indebtedness was not secured by the deed of trust.

This position, under the laws of this State defining a homestead, is untenable. The wife has no interest in the homestead when it is the property of the husband. She can decline to encumber the same; but if she does sign, the husband has the right to make any disposition he may please of his other property, notwithstanding it was included in the deed of trust conveying the homestead. Sec. 1248, Code 1880; also sec. 1258. No right of property is conferred upon the wife; she has only a veto power. *Billingsley* v. *Niblett,* 56 Miss., 537. " It (the homestead) remains, despite the statute, the exclusive property of the husband where the legal title resides in him; but with a

limitation on the *jus disponendi*. . . . When, however, the wife has given her assent in the mode appointed by law, it is operative to its full effect, and can neither be recalled or restricted by her." *Smith* v. *Scherck*, 60 Miss., 495.

The husband can abandon it against the wishes of his wife. *Thoms* v. *Thoms*, 45 Miss., 264. The husband can devise the homestead as any other land. *Osburn* v. *Sims*, 62 Miss., 429.
There is an alleged failure of the trustee to conform to the requirements of the deed of trust in making the sale. This alleged failure consists in the fact that the trustee did not actually put his feet on the land before making the sale.

In *Roarty* v. *Mitchell*, 7 Gray, (Mass.), 243, a provision somewhat similar to the one contained in this deed of trust, was not complied with by the mortgagee, who had a power of sale. The Court held that the failure of the mortgagee " to enter and take possession " made the sale void. In Massachusetts the method of realizing on a mortgage is by strict foreclosure—entry and possession—in this way we can account for the stress laid by the Court on this provision. As stated by Hilliard (1 Hilliard on Mortgages, 132) " so if the terms of the power itself require some act of foreclosure as preliminary to the sale, the sale will be invalid unless such act be performed, " and he cites *Roarty* v. *Mitchell*. It will be perceived at once that in those states where strict foreclosure is unknown, and entry and possession unnecessary, that such provision could be regarded as of no importance, and that a constructive possession would suffice. In *Kiley* v. *Brewster*, 44 Ill., 186, the Court was called on to set aside a sale made without an actual entry. The language of the provision was this : " It shall and may be lawful for the said party of the second part, his personal representatives or attorney, duly authorized by virtue hereof, to enter in and upon all and singular the premises herein granted or intended so to be, and to sell and dispose of the same at public sale, etc. "— The Court said, " we have examined that case (*Roarty* v. *Mitchell*, 7 Gray, 243), and it is like this in all essential particulars; but we cannot regard it as authority. There are no reasons given by the Court for its conclusion, and the conclusion is not satis-

factory.   No similar case by any other Court has been cited and we cannot follow it for reasons which we will give.

It may be asked what use is entry in any such case under our law which permits a sale of land by a party out of possession ?"

I believe that it is the general opinion of the bar in this state, and on which they act, that a failure to comply with such provision would not invalidate a sale, it not being an " important " requirement.   *Enochs* v. *Miller*, 60 Miss., 21.

CAMPBELL, J., delivered the opinion of the Court.

We agree with the chancellor in his conclusion against the complainants as to the debt due to Powell ; and that Plummer Vaughan had the right to devote his cotton, encumbered by the deed of trust, to payment for supplies ; and that his wife had no claim inviolable, as against his act, to have the cotton applied to the debt secured by the deed of trust.

Taking possession of the land or demanding it was not a condition precedent to the exercise of the power of sale.   It was authorized, but not required by the deed of trust.   *Kiley* v. *Brewster*, 44 Ill., 186.   The contrary view of the Supreme Court of Massachusetts in *Roarty* v. *Mitchell*, 7 Gray, 243, is not maintainable.   In that case the deed provided that the donee of the power to sell " may enter and take possession, . . . and may sell and dispose of the same."   Because no entry was made, *nor demand made,* the court held no valid sale could be made.   Manifestly, if the deed made entry and possession a condition precedent, it could not be satisfied by anything short of that.   Such conditions must be strictly complied with, and do not admit of substitution or equivalents.   Demand of possession cannot take the place of possession where the latter is especially required as a condition of the exercise of power.          *Affirmed.*