# CASES

## IN THE

# SUPREME COURT OF ALABAMA.

### NOVEMBER TERM, 1889-90.

| | |
|---|---|
| 90 | 1 |
| 93 | 153 |
| 90 | 1 |
| 94 | 552 |
| 94 | 605 |
| 90 | 1 |
| 95 | 234 |
| 95 | 404 |
| 95 | 536 |
| 90 | 1 |
| 97 | 307 |
| 97 | 580 |
| 90 | 1 |
| 100 | 388 |
| 90 | 1 |
| 125 | 699 |

## Ga. Pacific Railway Co. *v.* Propst.

*Action for Damages by Minor, for Personal Injuries.*

1. *Secondary evidence of railroad rules.*—A witness can not be allowed to testify as to a rule of a railroad company forbidding the coupling of cars by hand, when it appears that the rules have been printed in book form, and a copy thereof is not produced, nor its absence accounted for.

2. *Argumentative charges* are properly refused.

3. *Negligence in moving cars rapidly for coupling, or in failure to have sufficient number of brakemen.*—When the plaintiff claims damages on account of personal injuries sustained in attempting, as brakeman on defendant's railroad, to couple cars; and there is evidence tending to show that, at the time the injury was received, a train of ten loaded cars was allowed to move down rapidly to the place of coupling, with only one brakeman in charge, and that the cars came together with great force; a general charge denying his right to recover, under a count which alleges that the injuries were caused "by reason of defendant's negligence, carelessness, and failure to have on said train a sufficient number of competent and skillful brakemen," is properly refused.

4. *Issue on defective count without objection.*—When issue is joined, without objection to a defective count in the complaint, and the evidence establishes its averments to the satisfaction of the jury, the plaintiff is entitled to verdict and judgment, and the defects of the count are not available on error.

5. *General charges on evidence,* requested by the defendant, are properly refused, when there is any evidence tending to support the right of action stated in the complaint; or, when the complaint contains several counts, and there is evidence tending to support any one of them.

[Ga. Pacific Railway Co. v. Propst.]

APPEAL from the Circuit Court of Fayette.

Tried before the Hon. SAM. H. SPROTT.

This action was brought by Wm. H. Propst, a minor, against the appellant corporation, to recover damages for personal injuries sustained while engaged, as alleged, in its service as brakeman, and attempting to couple cars under the orders of the conductor; and was commenced on the 31st December, 1886. This is the third appeal in the case.—83 Ala. 18; 85 Ala. 203. Issue was joined on the pleas of not guilty, and contributory negligence; and the last trial resulted in a verdict for plaintiff, for $3,085. The only matters now assigned as error are the refusal of each of the following charges, which were asked by the defendant in writing: (1.) "If the jury believe the evidence in the case, they are bound to believe that the defendant's servants in charge of the train were competent and fit to perform their respective duties; and they can not consider arguments of counsel for the plaintiff to the contrary." (3.) "In this case, there is no complaint that any of the crew on the train were incompetent, or unfit for the positions they occupied; and the jury can not consider any testimony, or any arguments of counsel, bearing on that matter." (4.) "If the jury believe the evidence, plaintiff can not recover a verdict on the fourth count in the complaint." (14.) "If the jury believe the evidence, there can be no recovery by plaintiff under the second count of the complaint."

McGUIRE & COLLIER, and JAS. WEATHERLY, for appellant.

NESMITH & SANFORD, contra.

STONE, C. J.—One of the defenses in this case was contributory negligence. In maintenance of that defense, it was attempted to be shown that one of the rules of running the trains of the defendant corporation was, that car-coupling should not be done with the hand, but with coupling-sticks kept on its trains for the purpose; that these rules were printed and carried on its trains, and that plaintiff had knowledge of that rule, having read the book of rules. A witness was asked, if there was not such rule; and, on proof that the rules had been printed in book form, which was neither produced, nor its absence accounted for, the testimony was objected to, and he was not allowed to testify to its contents.

It is contended for appellant, that this question arose collaterally, and that therefore the rule requiring the production of the best evidence does not apply.—3 Brick. Dig. 439, § 486. We do not so regard the question. Plaintiff's negligence, con-

[Ga. Pacific Railway Co. v. Propst.]

tributing proximately to the injury complained of, was the issue raised by the pleadings; and any fact tending directly to establish it, could not be regarded as merely collateral to the main inquiry. A knowing disregard of so wholesome a rule, and the adoption of one more perilous, would be negligence—the leading factor in the defense set up. There was no error in rejecting this testimony.

This is the third appeal in this cause.—83 Ala. 518; and 85 Ala. 203. The first three counts of the complaint, as shown in the present record, have been heretofore passed on, and each pronounced sufficient. They are not questioned on this appeal. We have also held that when, in running a train on a railroad, one of the brakemen falls sick, thus reducing the force below the requisite standard for safely handling the train, "there must be discretion and authority somewhere to supply the place of disabled or missing servants; and no one could exercise this power so well or so prudently as the conductor in charge of the train. We will therefore treat the plaintiff as the lawfully employed servant of the company."

When the case was first before us, it was not questioned that one of the regular brakemen on the train was sick, and that plaintiff, Propst, was discharging the duties of brakeman at the request, or under the command of the conductor. On the second trial, the proof was much less full on the question of plaintiff's employment by the conductor, and we held that it was insufficient to prove the averment that he had been so employed. On the third, or last trial, the proof on this subject was much fuller, both by plaintiff and other witnesses introduced by him. It fully justified the submission of the question to the jury, as one of the disputed facts to be passed on by them.

When this case returned to the Circuit Court, after the second reversal, a fourth count was added to the complaint, on which issue was joined without testing its legal sufficiency by demurrer. The last trial was had on the complaint containing four counts, and the defendant's plea of not guilty, and negligence on the part of plaintiff contributing proximately to the injury complained of.

The only errors assigned in this case are the several refusals of the court to give the charges numbered one, two, three, four and fourteen, written out and asked by defendant. Charges two and three were properly refused, because they are argumentative, if on no other ground.—*Cleveland v. State*, 86 Ala. 1; *Hussey v. State, Ib.* 34; *Perry v. State*, 87 Ala. 30; *L. & N. R. R. Co. v. Hall*, 87 Ala. 708; *Hughes v. Anderson*, 68 Ala. 280.

In charge fourteen the court was asked to instruct the jury, that they could not find for the plaintiff on the second count. The import of this charge, if given, would have been a declaration by the court that there was no testimony before the jury authorizing a verdict on that count. This count charges that plaintiff had sustained the injuries he complained of, "by reason of defendant's negligence, carelessness, and failure to have upon said train a sufficient number of competent and skillful brakemen and servants to operate and manage the same." The testimony is that, at the time of the injury, only one brakeman was in fact on the train; that the train was being let down a descending grade, in order that a box car at the foot of the descent might be coupled to it, and that in attempting to make this coupling the plaintiff received his injuries. All the witnesses who speak on the subject testify, that in backing a train to a stationary car for coupling purposes, the movement should be slow and cautious. The engineer himself testified to this effect; and common knowledge and common observation go far to corroborate this view. The testimony tends to show that only one brake was applied to check the speed and momentum of the ten loaded cars; and both plaintiff and Ferguson, in their testimony, testify in substance that the movement of the descending train was rapid, and that the concussion with the stationary car was very forceful. This testimony, if believed, tended to show that the violent concussion of the moving train with the stationary car was caused either by the defendant's negligence, carelessness, or insufficient number of skillful brakemen and employès, or by some one or more of these agencies; and we can not say there was no testimony which authorized the jury to find for the plaintiff on the second count.

The fourth charge requested the court to instruct the jury that they could not find a verdict for the plaintiff on the fourth count of the complaint. The substance of the complaint set forth in that count is, that "the said locomotive was moved backwards with such rapidity and want of care and caution, [that] said standing car was hit with so much or unusual force and violence, that the drawheads attached were driven back, whereby plaintiff's arm was exposed and caught between the bumpers or deadwoods, . . . which bruised, crushed and permanently disabled plaintiff's right arm; . . . . that the injury and wrongs aforesaid were suffered by reason of the engineer, who was an employè of said defendant; all of which wrongs and injuries defendant could and ought to have avoided by the exercise of reasonable care and diligence."

It may be that this count is imperfect, and fails to set forth,

[Memphis & Charleston Railroad Co. v. Askew.]

with sufficient particularity of averment, a substantial cause of action. That objection could have been raised by demurrer, but it was. not. Issue was joined on it, and if. there was testimony which authorized the jury to find its truth, the plaintiff was entitled to a verdict and judgment on it, which this court will not reverse on a mere assignment of error. It could only be cured, if at all, where there are good counts, as in this case, by a motion for a repleader made in the court below.—*Mudge v. Treat*, 57 Ala. 1; *Irion v. Lewis*, 56 Ala. 190; *Ex parte Pearce*, 80 Ala. 195. What we have said in reference to the second count shows there was testimony on which the jury could find for the plaintiff on the fourth count.

The first instruction asked was the general charge in favor of the defendant. Our rulings in reference to the second and fourth counts are decisive of this question. Whenever the proof authorizes a verdict for the plaintiff on one or more of the counts in his complaint, it need scarcely be said the general charge in favor of defendant can not be given.

Affirmed.