# Jones v. Hagler.

*Statutory Action in nature of Ejectment.*

| 95 | 529 |
| 100 | 542 |
| 95 | 529 |
| 109 | 453 |
| 95 | 529 |
| 120 | 68 |
| 122 | 514 |
| 95 | 529 |
| 128 | 616 |
| 95 | 529 |
| 132 | 341 |

1. *Secondary evidence of recorded deed.*—When a party claims remotely under a deed of which he is not the legal custodian, and which has never been in his possession or custody, he is excused from producing it on notice, and may adduce secondary evidence of its contents; and this may be done by producing either the original record book in which it was recorded, or a certified copy of the record.

2. *Defective acknowledgment of deed as attestation.*—A defective certificate of acknowledgment, appended to a deed, may operate as the attestation of a witness; the officer who made it may testify to his own signature, and to the fact that the deed was executed in his presence; and the deed is admissible as evidence on that proof.

3. *Power of sale in deed of trust; request of beneficiaries, or either of them.*—When a deed of trust is executed for the protection and indemnity of two sureties, and authorizes the trustee to sell and "pay whatever may be necessary to indemnify them or either of them," he may sell at the request of one, who alone has been damnified.

4. *Possession of trustee making sale under power.*—When a deed of trust authorizes the trustee to take possession and sell on default, but does not require that he shall enter before making a sale, he may sell without taking possession, and it is not necessary that his deed to the purchaser shall show that he was in possession.

5. *Recitals of deed as to date of sale.*—It is not necessary that the trustee's deed to the purchaser at his sale should specify the day on which it was made, but it may state that the sale was made "on or about" a named day.

6. *Description or identification of trustee as grantor in deed.*—It is not necessary that the name of the trustee shall be stated in the deed as the grantor, when its recitals and his signature to it clearly identify him as the grantor.

7. *Sale under power for cash, or on credit.*—When the deed authorizes the trustee to sell for cash, and he sells on time, with the acquiescence of the beneficiary, who receives the benefit of the bid, a third person can not assail the purchaser's title because the sale was not made for cash.

8. *Delay in execution of deed to purchaser.*—When the purchaser sues to recover the possession of the land, and the trustee's deed to him shows that it was executed twelve years after the sale, it is not incumbent on him to explain the delay in its execution, as against the

[Jones v. Hagler.]

defendant who was not a party to the sale, and who does not show any right to impeach it for fraud.

9. *Conveyance to third person as purchaser, at instance of bidder at sale.*—A stranger to the sale can not assail its validity because the trustee executed a deed, not to the nominal bidder and purchaser, but to a third person at his instance.

10. *Judgment and execution as evidence.*—Where the plaintiff claims as purchaser at a sale made by a trustee under a power conferred by deed of trust for the indemnity of sureties on specified debts, the record of a judgment recovered on one of these debts, and executions thereon showing its payment by one of the sureties, are admissible evidence as tending to show the authority of the trustee to make the sale.

11. *Issue on immaterial or defective plea.*—When issue is joined, without objection, on an immaterial or defective plea, the defendant is entitled to adduce evidence in support of it, and is entitled to verdict and judgment if the evidence sustains it, the plaintiff's remedy being to ask for a repleader.

12. *Plea of statute of frauds; burden of proof.*—When issue is joined on a plea of the statute of frauds, in an action on a contract within its terms (Code, § 1732), the plaintiff assumes the *onus* of proving a compliance with its terms, or that the contract was taken out of the statute by part performance.

APPEAL from the Circuit Court of Tuskaloosa.

Tried before the Hon. SAM. H. SPROTT.

This action was brought by Edward J. Hagler against John W. Jones, to recover the possession of a tract of land particularly described in the complaint, and was commenced on the 20th July, 1888. The plaintiff claimed the land as purchaser at a sale made by Moses McGuire, as trustee in a deed of trust executed to him by David G. Jones, who was the father of the defendant. This deed was dated August 2d, 1858, and was given to secure John W. Pruitt and John H. Spain against liability as sureties for the grantor on certain debts particularly described; and it authorized the trustee, on default of the grantor in the matter of the secured debts, "to take possession of said land and slaves, or so much of them as may be necessary for the purpose, and sell them at public auction, for cash, at the door of the court-house of the county, on giving ten days notice, and pay off any of the bills indorsed by them, and pay all and whatever may be necessary to indemnify said John W. and John H., or either of them, and save them harmless in the premises." The defendant pleaded, 1st, the statute of limitations of ten years; 2d, "payment of the secured debt, or performance of the condition of the deed of trust;" 3d and 4th, that said Moses McGuire was *non compos mentis* at the time he executed the deed to plaintiff; 5th, not guilty; 6th, that the deed or contract of McGuire was void under the statute of frauds (Code, § 1732), because no note or mem-

orandum thereof, expressing the consideration, was made at the time of the sale, and subscribed by the party to be charged; and, 7th, that the contract was void under said statute, because no part of the purchase-money was paid at the time, and the purchaser was not placed in possession. Issue was joined on all of these pleas without objection.

On the trial, as the bill of exceptions shows, the plaintiff offered the deed of trust in evidence, and the court admitted it against the objection and exception of the defendant, on grounds specified in the opinion. The plaintiff offered in evidence, also, the deed executed to him by said McGuire as trustee, and the court admitted it against the numerous objections of the defendant. This deed was dated March 2d, 1878, and signed by Moses McGuire as trustee; and it contained these recitals: "*Whereas*, on the 2d August, 1858, David G. Jones executed to me as trustee, for the benefit of John W. Pruitt *et al.*, a deed of trust to the following lands," describing them; "and *whereas*, at the request of said John W. Pruitt, the undersigned did, after giving the notice required by said deed, on or about the 1st December, 1866, expose to sale to the highest bidder for cash, at the court-house in said county, the land above mentioned; and *whereas*, at said sale, Edward J. Hagler became the purchaser at the price of $600; and *whereas*, said Hagler arranged the payment of the sum bid with said John W. Pruitt, the beneficiary in said deed: Now, therefore," &c. in the usual form of a deed for land. There was no subscribing witness to this deed, nor any certificate of acknowledgment, but appended to it was a certificate by a justice of the peace, in these words: "I, J. W. Bagnall, acting justice of the peace in and for said county, hereby certify that the above named person signed this conveyance; same bears date this 2d March, 1878." In connection with the deed, the plaintiff introduced said Bagnall as a witness, who thus testified: "Moses McGuire signed said deed in my presence, and I thereupon wrote and signed the statement set forth." The defendant objected to the testimony of said Bagnall, and also to the admission of the deed as evidence, "because it was not acknowledged or attested as by law provided;" and he excepted to the overruling of these objections.

The defendant made the following additional objections to the admission of the deed as evidence: (1.) Because John W. Pruitt and John H. Spain "were joint beneficiaries under said deed of trust, while the deed of McGuire to Hagler showed that the sale under it was made at the re-

quest of only one of them." (2.) Because the deed of trust provided that the trustee should take possession of the property before selling, and it was not shown, nor could it be shown, that the trustee was in possession, actual or constructive, at the time the sale was alleged to have been made. (3.) Because the deed states that the sale was made "on or about the 1st December, 1866," and not on the particular day set for the sale. (4.) Because "the name of the grantor is not mentioned in the body of the deed as conveying in the capacity of trustee or otherwise." (5.) Because the deed showed that the purchase-money was not paid in cash, as required by the terms of the deed of trust. (6.) Because the delay in the execution of the deed "was such a badge of fraud that it devolved on the plaintiff to explain it before said deed could be introduced." (7.) Because it was not made to the purchaser at the sale. The court overruled each of these objections as made, and the defendant duly excepted. The plaintiff offered in evidence, also, the record of a judgment recovered against said J. W. Pruitt in September, 1861, on one of the debts secured by the deed of trust, and execution thereon, with indorsements showing its payment by Pruitt. The defendant objected to the admission of this evidence, but specified no particular ground of objection, and he excepted to its admission.

The assignments of error embrace all the rulings to which exceptions were reserved.

WOOD & WOOD, and J. J. MAYFIELD, for appellant.

FOSTER & OLIVER, *contra*.

WALKER, J.—The plaintiff claimed title through a sale and conveyance made by Moses McGuire, as the trustee in a deed of trust in which David G. Jones was the grantor. To prove the deed of trust, the plaintiff offered the original record thereof as contained in one of the record books of deeds kept in the office of the probate judge of Tuskaloosa county. Objection was made to this evidence, on the grounds that the defendant had made demand on the plaintiff to produce the original of said deed of trust, and that a certified copy should have been offered instead of the original record. The plaintiff testified, without contradiction, that the original of the deed of trust had never been in his possession or custody, or under his control. He was not the legal custodian of the instrument. That being the case, it was not incumbent upon him to produce it, or to account

for its absence. The instrument could as well be proved by the original record as by a certified copy therefrom. *Stevenson v. Moody*, 85 Ala. 33 ; *Miller v. Boykin*, 70 Ala. 469. The objection to this evidence was properly overruled.

The several grounds of objection to the admission in evidence of the deed by Moses McGuire as trustee to the plaintiff will be considered in detail.

(1.) The plaintiff did not claim that the statement written upon the deed and signed by the justice of the peace was sufficient as a certificate of acknowledgment. It was relied upon as an attestation, and the justice of the peace was called as a witness to prove the deed. The statement certifies "that the above named person signed this conveyance." This language fairly imports that the justice of the peace had knowledge of the fact to which he certifies,—that he was a witness to the signing. The execution of a conveyance for the alienation of land, when made by a person who is able to write, must be acknowledged, or attested by one witness, who must write his name as a witness.—Code of 1886, § 1789. A proper attestation may be made by the mere signature of the witness. It is sufficient that the signature appears to be made for the purpose of attesting the execution of the conveyance. It has been decided that a defective acknowledgment may operate as a substitute for the attestation of a witness, and in such case the officer is treated as an attesting witness.—*Rogers v. Adams*, 56 Ala. 600 ; *Sharpe v. Orme*, 61 Ala. 263 ; *Carlisle v. Carlisle*, 78 Ala. 544. The signature of the justice of the peace to the statement above referred to was sufficient as an attestation, and there was no error in overruling the objection to the introduction of the deed on the ground that it was not properly attested.

(2.) Objection was made to the introduction of the deed to the plaintiff, on the ground that it was shown and provided by the deed of trust that John W. Pruitt and John H. Spain were joint beneficiaries thereunder, and that the deed to the plaintiff shows that the sale under the deed of trust was made at the request of only one of the beneficiaries. By the power of sale contained in the deed of trust the trustee is authorized to sell in the mode prescribed, and to "pay off any of the bills indorsed by them [Pruitt and Spain], and pay all and whatever may be necessary to indemnify said John W. and John H., or either of them, and save them harmless in the premises." This language authorizes the execution of the power of sale for the indemnification of either Pruitt or Spain, for any loss sustained in conse-

quence of any indorsement made in pursuance of the provisions of the deed of trust. There is no provision that one or both of the beneficiaries shall request the trustee to execute the power of sale. If Pruitt alone had sustained losses in consequence of the indorsements mentioned in the deed of trust, the power of sale could be executed for his benefit alone. The recitals of the deed to the plaintiff do not show a disregard of the terms of the power in the particular specified in the objection.

(3.) Taking possession of the land by the trustee was not, by the terms of the deed of trust, made a condition precedent to the exercise of the power of sale. The trustee was authorized, but not required, to take possession of the land before making a sale thereof.—2 Jones on Mortgages, § 1782 ; *Vaughan v. Powell*, 4 So. Rep. 257 ; *Riley v. Brewster*, 44 Ill. 186. The terms of the instrument which was construed in the case of *Foster v. Boston*, 133 Mass. 143, indicated that the execution of the power in the mode provided made it necessary for the trustee to acquire possession of the property before making a sale. In such a case, possession by the trustee is properly regarded as a condition precedent. It does not seem that such a condition could be satisfied by a mere demand for possession, as was intimated in the case of *Roarty v. Mitchell*, 7 Gray, 243.

(4.) The deed to the plaintiff recites that the grantor therein, "after giving the notice required by said deed of trust, did, on or about the first day of December, 1866, at the court-house in said county, expose to sale," &c. If a sale had been made pursuant to the terms of the power, it was not material for the trustee to recite in his deed the exact date of such sale. After the sale was duly made he could with propriety execute a deed to the purchaser, though he was unable to state therein the exact date of the sale. If the defendant was entitled to require the plaintiff to prove a compliance with the provisions of the power, as to the notice of the time and place of sale, on the ground that the recitals in that regard of the deed made by the trustee were not binding on a stranger (*Wood v. Lake*, 62 Ala. 489 ; 1 Devlin on Deeds, § 425 ; 2 Jones on Mortgages, §§ 1830 and 1895); the consideration that the burden was on the plaintiff to make such additional proof would not justify the rejection of his deed as a link in his chain of proof.

(5.) The name of the trustee is not mentioned in the body of his deed ; but the recitals thereof furnish the means of clearly identifying *Moses* McGuire as the grantor. The deed recites: "Whereas, on the second day of August, 1858,

[Jones v. Hagler.]

David G. Jones executed to me as trustee, for the benefit of John W. Pruitt *et al.*, a *deed* of trust to the following described lands, to wit:" [here follows a description of the land], "which deed is recorded in Book 5, page 138, of the records of deeds in the office of the judge of probate of Tuskaloosa county, Alabama." An inspection of the deed of trust, which is thus fully described, discloses that Moses McGuire is the trustee therein, and makes it manifest that he is the grantor in the deed to the plaintiff. This is a sufficient description and identification of the grantor. *Madden v. Floyd,* 69 Ala. 221.

(6.) The power in the deed of trust authorized the trustee to sell for cash. The payment of the plaintiff's bid was a matter between him and the beneficiary of the sale, and with which the defendant in this case had no concern. By the arrangement recited in the deed to plaintiff, the grantor in the deed of trust obtained the credit and benefit of the amount bid. When this was done, neither he nor any other person who was not a beneficiary under the deed of trust could complain because the payment was not made in cash. *Mewburn v. Bass,* 82 Ala. 622; *Cooper v. Hornsby,* 71 Ala. 62.

(7.) It was not incumbent upon the plaintiff, in offering the deed to himself, to explain the delay in its execution. The execution of the deed by the trustee in 1878 shows upon its face his recognition of the sale made by him in 1866, and that the purchaser at that sale had all along been entitled to a conveyance of the land sold. The defendant was not a party to that sale, and, in making the objection that the delay was a badge of fraud, he did not suggest any fact to show that he had any interest in the matter which would entitle him to complain of the delay.—*Broughton v. Atchison,* 52 Ala. 62. None of the grounds of objection to the introduction of the deed to the plaintiff were well taken.

There was evidence tending to show that, at the sale under the power, John W. Pruitt, one of the beneficiaries under the deed of trust, bid off the lands, and afterwards directed the deed to be made to the plaintiff. It often happens that one who bids at an auction sale is acting for another person, or transfers his bid to another. In the absence of fraud, there is no objection to such a transaction. If the ostensible purchaser directs the deed to be made to another, a stranger to the sale can not complain that the real purchaser did not make his bid in person.—2 Jones on Mortgages, § 1896. The motion to exclude the deed, because it was not made to the purchaser at the sale by the trustee, was properly overruled.

[Jones v. Hagler.]

The record of the judgment and executions, with the returns therein, in the case of *R. K. Hargrove v. John W. Pruitt*, was admissible as evidence tending to show a breach of the condition of the deed of trust, and that Pruitt was entitled to the execution of the power of sale for his indemnity, to the extent of the amount realized in proceedings against him on one of the bills of exchange which he indorsed for David G. Jones, as was recited in the deed of trust.

The plaintiff did not demur to any of the seven pleas interposed by the defendant, but joined issue on all of them. The question of the sufficiency of the 6th and 7th pleas as answers to the complaint was not raised in any manner. By joining issue upon them, the plaintiff admitted that each of them stated a defense which, if sustained by the evidence, would defeat the action. A case must be tried on the issues developed by the pleadings. If a false issue is made up, in consequence of a neglect to resort to the means provided by law for its elimination, the question thereby presented is one of fact for the determination of the jury, and if the proof sustains such issue, the party setting it up is entitled to a verdict and judgment on it.—*Geo. Pac. Railway Co. v. Probst*, 90 Ala. 1; *Allison v. Little*, 93 Ala. 150; *Masterson v. Gibson*, 56 Ala. 56. The 6th and 7th pleas are pleas of the statute of frauds. In joining issue thereon, the plaintiff assumed the burden of showing facts which would avoid the effect of the pleas. He put himself in the attitude of affirming that, at the time of the sale by Moses McGuire to him, a note or memorandum thereof was made, expressing the consideration in writing, and subscribed by the party to be charged therewith or some person thereto by him lawfully authorized in writing; or that the purchase-money or some part thereof was paid, and that the purchaser was put in possession of the land by the seller.—*Jonas v. Field*, 83 Ala. 445. The provisions of the statute of frauds which were referred to in the pleas were applicable to the sale made by McGuire. The objection that the benefit of these provisions was not available to the defendant (*Lewis v. Wells*, 50 Ala. 198; *Cooper v. Hornsby*, 71 Ala. 62; *Mewburn v. Bass*, 82 Ala. 622), could have been raised by demurrers or replications to the pleas. No such objection having been interposed, and the plaintiff having failed to offer any proof that in the sale by McGuire there was a compliance with the statutory requirements referred to in the pleas, he failed to sustain the burden assumed by his joinder of issue thereon; and the result was that, on these issues, the

[Manning v. Pippen.]

defendant was entitled to a verdict and judgment. The general charge requested by the defendant should have been given. On the remandment of the cause, the plaintiff may move in the court below for a repleader, as to pleas presenting false or immaterial issues.—*Geo. Pac. Railway Co. v. Probst*, 90 Ala. 1; *Mudge v. Treat*, 57 Ala. 1.

In the foregoing opinion we have considered such questions presented by the rulings of the Circuit Court on the admission and rejection of evidence as are likely to arise on another trial.

Reversed and remanded.