# CASES

IN THE

# SUPREME COURT OF ALABAMA,

NOVEMBER TERM, 1892.*

## Hagler *v.* Jones, *et al.*

*Bill in Equity to Enjoin an Action at Law.*

1. *Dissolution of injunction upon denials of answer.*—Where a bill in equity is filed to enjoin an action of ejectment on the grounds that the trust deed by virtue of which the deed to the plaintiff in eject-ment was executed, and the liability upon which the plaintiff's deed is predicated, are so stale that their payment and adjustment must be presumed, and that the trustee when he executed the deed to plaintiff was *non compos mentis,* and the defendant in a sworn answer fully denied that his grantor was mentally unsound, a temporary in-junction should be dissolved, on motion, upon the filing of the answer.

APPEAL from the Chancery Court of Tuscaloosa.
Heard before the Hon. THOMAS COBBS.
The bill in this case was filed by J. W. Jones and others, against E. J. Hagler; and prayed to have the defendant enjoined from the further prosecution of an action of eject-ment brought by him against the complainants in a court of law. Upon the execution of the bond, the chancellor ordered a temporary injunction. The respondent filed his answer denying the material allegations of the bill, and moved to dissolve the injunction. The chancellor denied this motion, and decreed that the injunction should be retained until the final hearing of the cause.
The present appeal is prosecuted from that decree, and the same is assigned as error.

FOSTER & OLIVER, for the appellant.

J. J. MAYFIELD, for the appellees.

* The cases following in this volume were omitted from former volumes of the reports.

[Hagler v. Jones et al.]

STONE, C. J.—Motion was made in the Chancery Court to dissolve the injunction granted in this case, on the alleged ground that the bill is without equity. The gist of this motion may be thus stated : One of the complainants in the bill, John W. Jones, Sr., is in the possession of the lands, and Hagler has an action of ejectment pending for their recovery. That suit has been once tried, resulting in a verdict and judgment for the plaintiff, Hagler. On appeal to this court that judgment was reversed, on a point not necessarily decisive of its final result.—*Jones v. Hagler*, 95 Ala. 529.

That action of ejectment is still pending in the Circuit Court of Tuscaloosa county, and the purpose of the present bill is to have that suit enjoined, and the deed by which it is sought to be maintained declared to be inoperative, on two grounds :

First, that the conveyance in trust, under which it, the deed to Hagler, purports to have been executed, and the liability which caused its execution, were and are, each of them, so stale, as that their payment and adjustment must be presumed; and, second, when McGuire, the trustee, executed the conveyance to Hagler, he was *non compos mentis*, and incapable of executing a contract that is legally binding. Now, each of these is a legal, as contradistinguished from an equitable defense.

The charge is that McGuire was mentally incapable of making a valid deed. The law presumes that all persons who have attained to lawful age are capable of making a binding contract, and if the contrary be asserted, the burden of proof is on him who makes the assertion.—1 Whar. Ev. § 371 ; 1 Taylor Ev. § 370 ; 1 Greenl. Ev. § 80. The sworn answer of Hagler, the defendant, is very full, and emphatically denies the charge that when McGuire executed the deed to him he was mentally unsound. This is, in effect, a denial of all equity asserted in the bill of complainants. The temporary injunction ought to have been dissolved on the sworn denials in the answer.

The decree of the chancellor is reversed, and this court proceeding to render the decree the chancellor should·have· rendered, doth order and decree that the injunction issued in this cause be, and the same is hereby dissolved.

Reversed and rendered.