GREEN WILLIAMS ET AT. *v.* SOLOMON DREYFUS ET AL.

1. DEED OF TRUST. *Trustee's sale. Code* 1892, ₰ 2484. *Place of sale.*

A deed of trust authorizing the trustee to sell the property conveyed for cash, at public auction, "at Jackson or any suitable place," after giving thirty days' notice of the time, place and terms of sale by posting written notices in three public places in the county, is not silent as to the terms, place of sale and mode of advertising, within the meaning of code 1892, ₰ 2484, providing that, in cases where deeds of trust are silent in these particulars, sales under them shall be made as sheriff's sales of like property are required to be made.

2. SAME. *Possession of trustee. Demand.*

It is not a prerequisite to a valid sale under a deed of trust that the trustee should either take or demand possession of the property, although the deed provides that, if default be made, the trustee shall take possession and sell, and, further, that, if he, at any time, believes the property endangered as security, he shall take possession and hold until payment is made or until sold, but, until demanded by the trustee, the grantor may retain possession.

FROM the chancery court of, first district, Hinds county.

HON. HENRY C. CONN, Chancellor.

Williams and others, appellants, were the complainants in the court below; Dreyfus and others, appellees, were defendants there. The defendants claimed the land in controversy under a deed to them made by a trustee in pursuance of a sale under a deed of trust executed by complainants' ancestor, under whom appellants claimed by inheritance. The object of the suit was to cancel defendant's deed from the trustee. The nature of the controversy is apparent from the opinion of the court.

*Harper & Potter*, for appellants.

The question presented is, whether the trustee was authorized, by the powers conferred upon him, to name a day of sale,

or whether the statutory provision applied as to the day of sale. The only provision contained in the deed as to this is, that, "if default is made, the trustee shall take possession of said property, having given thirty days' notice of the time, place and terms of sale, sell the property."

Notice of what time? A time to be named by the trustee, or a time to be fixed by the beneficiary, or a time to be agreed upon by the parties, or a time to be fixed by the court, or a time provided by law? Or does the grantor intend to do what his language implies—merely to provide what the notice of sale shall contain—without thereby bestowing any express power upon the trustee? It is certain that no power to name the time is actually granted, and it requires a remarkably broad and liberal construction to hold that it is given, by any kind of reasonable implication, from a mere recital in the deed "that, if default is made, the trustee shall, after giving thirty days' notice of the time, place and terms, sell the property."

The chancellor admitted that the deed of trust did not authorize the trustee to name the time, but, further, held that the statute did not apply unless the deed of trust was silent as to all—that is, as to the place and terms and mode of advertising. "Sticking in the bark," and a forgetfulness that the "letter killeth," would, in effect, wipe out one of our most beneficial provisions as to public sales, and defeat the wise purpose of the legislature. The proper rule of construction is that the conjunctions, "or" and "and," in a statute may be used interchangeably when necessary to carry out the intention of the legislature. *Bayles* v. *Murphey*, 55 Ill., 236; *Eisfield* v. *Kenworth*, 50 Iowa, 389; *Porter* v. *State*, 58 Ala., 66; *Collins Granite Co.* v. *Devereus*, 72 Maine, 422; *Clay* v. *Central Banking Co.*, 42 Am. & Eng. R. R. Cas., 76; *State* v. *Bulling* 100 Mo., 87.

The absurdity of the construction that the deed must be silent as to all before the statute applies is readily shown; for, if the statute read, "If a deed of trust or mortgage, with power of

sale, be silent as to the place or terms of sale or mode of advertising, a sale may be made, after the condition broken, for cash, upon such notice and at such time and place as is required for sheriff's sale of like property," and it should be held that in such statute that "or" and "and" were not convertible terms, then the neglect or refusal of the grantor to make provision as to one of the terms of sale would work a denial of his right to make any provision by contract as to the other terms of sale, and would be an unnecessary restraint upon contract rights.

The rule is, and it has especially been so held in Mississippi, that the powers of a trustee in a deed of trust are to be strictly construed, and that powers not expressly given are withheld. *Bowman* v. *Roberts*, 58 Miss., 126; *Sharpley* v. *Plant*, ante 175, s.c. 28 So. Rep., 799.

Our second contention calls for a construction of the meaning and effect of the provision in the deed of trust, " that if default is made, the trustee shall take possession of the property" and sell, and the subsequent provision that " until demanded by the trustee, the party of the first part may hold the same."

In *Roarty* v. *Mitchell*, 7 Gray, (Mass.) 243, where the court held under consideration a mortgage with the provision that "in default of payment, Reed & Co., or their assigns may enter and take possession of said premises immediately and may sell and dispose of the same on giving two weeks' notice thereof publicly," the court says: "Upon the agreed facts it appears that no possession was taken of, nor entry made. We think such entry and possession, or what perhaps would be an. equivalent, a demand for possession, and. refusal, were conditions precedent, without which no valid sale could be made under the power of sale in the deed."

There are at least three good reasons for this provision and why a trustee should take possession before a sale, all of which are valuable to the grantor. Because it enables the trustee

with greater freedom to exhibit the property and so obtain a
better price; it removes any restraint that right-feeling people
would have in going upon the land for its inspection while it
was in possession of the owner, and because a demand of pos-
session would give full and personal notice to the grantor that
a sale was about to be made and enable him to get ready to pay
the debt, if he desired and could do so.    The question of the
necessity of previous entry by trustees before sale has been
before this court in *Vaughn* v. *Powell*, 65 Miss., 401; *Tyler* v.
*Herring*, 67 Miss., 169; *Hamilton* v. *Halpin*, 68 Miss., 99;
but all of them are easily distinguishable from this case.

*Watkins & Easterling*, for appellees.

The deed of trust in question is not silent as to the terms,
because it provides that the land shall be sold for cash.    It is
not silent as to the place, because it provides that the property
may be sold in the city of Jackson, or at any other suitable
place, by necessary implication conferring upon the trustee,
the authority to name the place.

It was not silent as to the mode of advertising, for it dis-
tinctly stated in what manner notices should be posted; and
without entering into a hair-splitting discussion as to whether
or not the word "term" in the statute included the word
"time," we simply submit that the instrument means just
exactly what it says; that the trustee could sell after he had
given thirty days' notice of the time, place and terms of sale;
that is to say, after he had fixed the time of the sale, and given
thirty days' notice thereof in the manner provided in the deed
of trust, he could then sell.    This is the construction the court
below put on the instrument.    It is evidently what the parties
meant when the instrument was executed.    And, after all, the
intention of the parties must control.    It must have been the
intention of the grantor to confer that authority upon the
trustee, because he and his heirs allowed six years after the
sale to elapse before they discovered that the trustee had vio-

lated the terms of the deed of trust in making the sale. Philip Hart, the trustee, was the agent in executing this trust of the grantor, and, in selling the land, he was simply carrying out and executing the trust in the manner in which he had been authorized.

In regard to the second contention of counsel for the appellant, that the trustee did not demand possession, or take possession of the property before the sale, we desire to call attention to the fact that the instrument is drawn upon the usual form to be found in the office of the chancery clerk in the different counties; that it is the same form which has been three times adjudicated by this court, and in each instance the court has held that neither the demanding nor the taking of possession was necessary; that it was a personal privilege of the trustee, which he might avail himself of if he so desired, but his failure to do so would not invalidate the sale. *Hamilton* v. *Halpin*, 68 Miss., 99; *Vaughn* v. *Powell*, 65 Miss., 401; *Tyler* v. *Herring*, 67 Miss., 169.

CALHOON, J., delivered the opinion of the court.

The trust deed provides that, "if default is made in payment, the trustee shall take possession of said property, and, having given thirty days' notice of the time, place and terms of sale, by posting," etc., "sell said property for cash at public auction at Jackson or any suitable place." We conclude, and so hold, that the instrument is not "silent as to the place and terms of sale and mode of advertising," and that, therefore, code 1892, § 2484, providing that, in case of such silence, the sale shall be upon the notice and at the time and place of sheriff's sales, does not apply. We think that, under its terms, the deed necessarily gives the power to the trustee to determine these details of the execution of the trust.

The second clause of the instrument having relation to the performance of the trust is as follows: "And should the trustee, at any time, believe said property, or any part thereof,

endangered as security for said payments, he shall take the same in his possession and hold till said payments are made, or till said property is sold as aforesaid; but, until demanded by the trustee for either of the purposes as aforesaid, said parties of the first part may hold the same."

Construing the powers granted in this instrument in the two clauses set forth, it was not a prerequisite to a valid sale that the trustee should demand possession or take possession of the land. To hold otherwise would do violence to the reasoning and conclusion of this court in the cases of *Tyler* v. *Herring*, 67 Miss., 169, s.c. 6 So. Rep., 840; 19 Am. St. Rep., 263; *Vaughn* v. *Powell*, 65 Miss., 401, 4 So. Rep., 257; *Hamilton* v. *Halpin*, 68 Miss., 99, 8 So. Rep., 739.

*Affirmed.*