## CROMARTIE *et al. v.* WEAVER.

1. Under the power of sale contained in a mortgage on certain land, authorizing the mortgagees, or their assigns, "to foreclose in the usual manner, or (at their option) by taking possession of the mortgaged property and selling all or any portion thereof either at public or private sale upon giving ten days notice" to the mortgagor, the assignees of such mortgage were authorized, but not required to take possession of the land before sale.
2. A sale of land described in a mortgage, properly executed and recorded, is not void because the assignee of the mortgage did not take possession of the mortgaged property before selling the land under a power in the mortgage, which authorized, but did not require him to take possession and sell the land.

                    JANUARY 12, 1912.

Complaint for land.  Before Judge Conyers.  Appling superior court.  March 9, 1911.

*Vernon E. Padgett,* for plaintiffs in error.

*H. L. Williams* and *W. W. Bennett,* contra.

HILL, J.  A complaint for certain described land was brought by J. L. Weaver against J. B. Cromartie and Tenar Cromartie, in Appling superior court.  The defendants admitted possession of the land, but denied the plaintiff's title thereto.  The plaintiff sought to recover upon substantially the following state of facts. A mortgage was executed by J. B. Cromartie, of Appling county, upon a valuable consideration, and for the purpose of securing the payment of a certain promissory note, payable to Dwelle & Dwelle, or order, and by the terms of the mortgage the mortgagor did "sell, mortgage, alien, and convey unto Dwelle & Dwelle, their successors and assigns," the real estate sued for, and did "authorize the holder of this mortgage to foreclose the same in the usual manner, or (at their option) by taking possession of the mortgaged property and selling all or any portion thereof, either at public or private sale, upon giving ten days notice to me in writing (the said J. B. Cromartie), the same to be left at my usual place of residence, of their intention to sell, and such other notice as they may deem proper; and I hereby constitute the said Dwelle & Dwelle, or their assigns, my attorney to pass good and sufficient title to such property upon making such sale."  The above-recited instrument, properly executed and recorded, was transferred to "Dr. J. L. Weaver, with all our right and title and full power to foreclose the

same as we might do under the laws of the State of Georgia."
Notice was given to the mortgagor, J. B. Cromartie, dated January
6, 1910, reciting that on the 17th day of January, 1910, he, J. L.
Weaver, would sell before the court-house door in Appling county,
Georgia, between the legal hours of sale, the property described in
the suit, "the purpose of said sale being to pay the mortgage here-
inbefore recited for the sum of $316.47, besides interest thereon,"
and signed by the plaintiff, "J. L. Weaver, holder of said mortgage."
The property described in the mortgage and notice was sold to
H. W. Reins, and a deed executed to the purchaser on January
17, 1910, by J. L. Weaver, attorney in fact for J. B. Cromartie,
and in turn a deed was executed by Reins to J. L. Weaver to the
property described in the mortgage and notice. At the conclusion
of the evidence, the defendants moved the court to grant a nonsuit,
because the evidence was insufficient to authorize a verdict in favor
of the plaintiff, which motion the court overruled and directed a
verdict for the plaintiff; and to this judgment the defendants ex-
cepted.

The sole question in this case is whether the sale of the land
sued for is in conformity with the power of sale contained in the
mortgage, and whether that power must be strictly complied with
before the sale would be legal and pass the title to the land to
the purchaser at the sale. Under the terms of the mortgage,
the holder was "authorized to foreclose in the usual manner, or (at
their option) by taking possession of the mortgaged property and
selling all or any portion thereof, either at public or private sale,
upon giving ten days notice" to the mortgagor, etc. It is in-
sisted, as neither Dwelle & Dwelle, the original mortgagees, nor
J. L. Weaver, their assignee, had ever "taken possession of the
property" before the sale, that the sale was therefore void under
the power of sale contained in the mortgage. There are two lines
of decisions upon this question, but the weight of authority seems
to be against the contention of the plaintiffs in error; and we
follow the weight of authority, in support of the judgment of the
court below. In 2 Jones on Mortgages (6th ed.), § 1782, it is
stated that "Under a power in default of payment to 'enter and
take possession of said premises immediately, and sell and dis-
pose of the same,' the entry and possession are not generally con-
sidered a condition precedent to the exercise of the power of

sale." The following authorities support the text above quoted: Vaughn *v.* Powell, 65 Miss. 401 (4 So. 257) ; Kiley *v.* Brewster, 44 Ill. 186; Jones *v.* Hagler, 95 Ala. 534 (10 So. 345) ; Williams *v.* Dreyfus, 79 Miss. 245 (30 So. 633) ; Hamilton *v.* Halpin, 68 Miss. 99 (8 So. 739). And to the same effect is the text in 27 Cyc. 1464 (C), and cases cited. We hold that the taking of possession of the land sued for in this case was not a condition precedent to the exercise of the power of sale under the mortgage; and while the language quoted would authorize, it did not require the assignee of the mortgage to take possession before the sale. The general rule is that a power of sale in deeds of trust, mortgages, and other instruments, must be construed strictly. Civil Code (1910), § 4620; *Calloway* v. *Peoples Bank,* 54 Ga. 441, 450. But it will be noted that the language of the mortgage is that the holder is "authorized" to foreclose, or take possession and sell. The right to do both does not exclude the right to do either. That the assignee is authorized to proceed in either manner does not mean, we take it, that he *must* do both. Nor do we think, because he is "authorized" to sell the land "by taking possession," that it would destroy the power of sale if he failed to take possession of the land as a condition precedent to the sale. We think the assignee was authorized, but not required, to take possession of the land before the sale, and that the sale without his taking possession was legal and passed the title in the land to the purchaser at the sale. The court did not err in overruling the motion for a nonsuit and directing a verdict for the plaintiff.

*Judgment affirmed. All the Justices concur.*