# Bowdoin v. Bedsole.

### Bill for Receivership.

(Decided April 5, 1917. Rehearing denied May 17, 1917.
75 South. 167.)

1. **Chattel Mortgages; Foreclosure Sale; Presence of Property.**—The law contemplates that in sales of personal property under a mortgage the property should be present; otherwise it could not be expected to bring its fair value.

2. **Chattel Mortgages; Foreclosure Sale; Presence of Property; Waiver.**—The failure of chattel mortgagee to produce the property at foreclosure sale can be expressly waived by the mortgagor or impliedly so by withholding the possession of the property, or it may be that the production is not practicable or possible.

3. **Chattel Mortgages; Foreclosure Sale; Presence of Property.**—Where the mortgagee reduced to possession before foreclosure sale some of the mortgaged property, the sale would not be vitiated as to the remainder of the property because of its nonproduction at the sale, where part of it was retained by the mortgagor and part, consisting of an ungathered crop, could not be reduced to possession at the time and produced for inspection.

APPEAL from Coffee Chancery Court.

Heard before Hon. O. S. LEWIS.

Bill by J. B. Bedsole against J. C. Bowdoin for the appointment of a receiver to take charge of certain crops growing and ungathered, and for general relief. Decree for complainant, and respondent appeals. Affirmed.

The bill alleges the execution by respondent to complaint of a certain chattel mortgage conveying certain chattels and certain growing crops; that said mortgage contained a power of sale authorizing orator upon default in payment of the mortgage to foreclose same, take possession of the mortgaged property, and sell the same to satisfy the debt, and expenses of sale, including attorney's fees, said sale to be in any manner that orator might decide upon; that default was made in the payment of said mortgage in the sum of $450.76, and that in pursuance of the power of sale conferred orator advertised and sold the property described in the mortgage, together with the growing crops, most of which were standing in the field and ungathered, and began his action in detinue to recover the specific property, orator hav-

ing purchased the same at the sale, as he was authorized by the mortgage to do, and that the sheriff has seized all the personal property and the gathered portion of the crops, but defendant refused and declined to allow the sheriff to take possession of the crops growing and ungathered in the field, which amounts to about 12 bales of cotton, 300 bushels of corn, 25 bushels of ground peas, 50 bushels of sweet potatoes, and other farm products; that orator has no legal method to successfully assert his right and title in and to the ungathered crop, and that respondent is in possession of same, and declares he will resist the right of orator to same, and, if left in possession, he will proceed to appropriate the same to his own use; that Bowdoin has no visible property subject to execution for the payment of his debts, and cannot respondent in damages to any judgment that may be rendered against him. The respondent, answering, denied that he had executed the mortgage, or that, if he had executed the mortgage, it was obtained by a fraudulent representation made by complainant, who stated at the time that it was a note for respondent to sign to secure the debt due complainant by open account. Respondent admits the sum to be correct, but alleges that he has paid the note in full for all that is legally due thereon, and that he has paid the same before the filing of this bill. Respondent further says that, if there is anything due on said instrument he has tendered payment in full before this bill of complaint was filed, and that he has been ready, able, and willing at all times to pay what was due on said interest. Respondent denies that the instrument authorized complainant to sell any of his personal property before taking possession of the same, or that it authorized complainant to sell any of the growing crops of respondent before the same was severed from the realty. Respondent denies that the instrument authorized complainant to sell any of his personal property before taking possession of the same, or that it authorized complainant to sell any of the growing crops of respondent before the same was severed from the realty. Respondent further denies that there was ever any foreclosure, or that complainant purchased any of respondent's property at the foreclosure sale. The answer is sought to be taken as a cross-bill seeking an accounting as to usury and as to other matters, and, if any indebtedness is ascertained, that respondent be given reasonable time within which to pay same.

[Bowdoin v. Bedsole.]

C. W. SIMMONDS and J. A. CARNLEY for appellant. W. W. SANDERS for appellee.

ANDERSON, C. J.—(1-3) We concur with the chancery court in the holding that the appellant did not make a tender of the mortgage debt before the sale, under the power, so as to give him the right to set the same aside. Therefore the equity of his cross-bill must hinge upon his right to redeem, and which he cannot now exercise after a sale, under the power in the mortgage, if the requirements of the mortgage were complied with in reference to said sale. The regularity of the sale does not seem to be questioned except for the failure of the mortgagee to first take possession of the property and have it on exhibition at the time of the sale. In the first place, we doubt if the mortgage required a seizure as a condition precedent to the sale, but think that the mortgagee was given an option in the matter.— *Jones v. Hagler*, 95 Ala. 529, 10 South. 345. Apart, however, from such a requirement in the mortgage, the law contemplates that in sales of personal property under mortgage the property should be present; otherwise it could not be expected to bring its fair value.—*Foster v. Goree*, 5 Ala. 424. The failure, however, to produce the property can be expressly waived by the mortgagor or impliedly so by withholding the possession, or it may be that the production is not practicable or possible. In the case at bar the mortgagee reduced to possession, before the sale, some of the property, and we cannot say that the sale should be vitiated as to the other as it was retained by the mortgagor, and the ungathered crop could not be reduced to possession at the time and produced for inspection.

We do not think that the chancery court committed reversible error in its rulings, either upon the original or cross-bill and the decree must be affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.