JOSEPH E. DAVIS *v.* JAMES O'CONNELL.

[47 South., 672.]

DEEDS OF TRUST.   *Foreclosure.   Trustee's sales.   Notice.   Code* 1906, § 2772.

Code 1906, § 2772, requiring trustee's sales under deeds of trust to be advertised for three consecutive weeks in a newspaper published in the county, has no application to deeds of trust, executed before the section became operative, and containing contractual stipulations on the subject.

FROM the circuit court of Lamar county.

HON. WILLIAM H. COOK, Judge.

O'Connell, appellee, was plaintiff in the court below; Davis, appellant, was defendant there.   The suit was an ejectment to recover lands purchased by the plaintiff at a sale under a deed of trust executed by defendant and his wife to the trustee in March, 1906, before the Code of 1906 became operative.   The

deed of trust provided that sale thereunder should be made after ten days' notice of the time and place of sale, and the terms of the deed in this respect were followed by the trustee. Defendant contended that the trustee's sale was invalid because not advertised according to the provisions of Code 1906, § 2772. The court below decided for plaintiff and defendant appealed to the supreme court.

Code 1906, § 2772, is in these words:—

"2772. (2443) *How lands sold under mortgages and deeds in trust (Laws 1896, ch. 103).* All lands comprising a single tract, and wholly described by the subdivisions of the governmental surveys, sold under mortgages and deeds of trust hereafter executed, shall be sold in the manner provided by section one hundred and eleven of the constitution for the sale of lands in pursuance of a decree of court or under execution. All lands sold at public outcry under deeds of trust hereafter executed, or other contracts hereafter made, shall be sold in the county in which the land is located, or in the county of the residence of the grantor, or one of the grantors in the trust deed, provided that where the land is situated in two or more counties, the parties may contract for a sale of the whole in any of the counties in which any of the land lies. Sale of said lands shall be advertised for three consecutive weeks preceding such sale, in a newspaper published in the county, or if none is so published, in some paper having a general circulation therein, and by posting one notice at the court-house of the county where the land is situated, for said time. No sale of lands under a deed of trust or mortgage shall be valid unless such sale shall have been advertised as herein provided for, regardless of any contract to the contrary. An error in the mode of sale such as makes the sale void will not be cured by any statute of limitations, except the ten years statute of adverse possession."

*J. R. Holcomb* and *F. M. Hunt,* for appellant.

The first sentence of Code 1906, § 2772, was brought forward from Code 1892, § 2443, and the second sentence was

brought forward from the laws of 1892, Chapter 103, and the remainder of the section first appeared in the Code of 1906. The provision of this section that "No sale of land under a deed of trust or mortgage shall be valid, unless such sale shall have been advertised as herein provided for is void" is very broad and has no reference to the time of the execution of the deed of trust or mortgage, but all sales under mortgages or deeds of trusts under power of sale must be advertised for three weeks. But, even if this provision did not apply to deeds of trust executed prior to the adoption of the sentences of the section in which the words "hereafter executed" are used, the word hereafter means after the first adoption of the part containing the word "hereafter," and the adoption of the sentence containing this word was in the year 1896, or ten years prior to the execution of the deed of trust in question. *Gilkey* v. *Cooke,* 60 Wis., 133; 4 Words & Phrases, 32781. No statute of general character brought forward in the present code is repealed. Section 13 of the Act of Adoption of the Mississippi Code of 1906. Consequently the second sentence of this section 2772, being merely Chapter 103 of the Laws of 1896 brought forward, and its adoption dates from 1896. There is no question of the constitutionality of the provision of this section in regard to advertising raised in this case, and if any was raised, the following authorities completely establish its constitutionality: 28 Am. & Eng. Enc. L., 798 and notes; 26 Am. & Eng. Enc. L., 935; 27 Cyc., 171, 173; 10 Century Digest, Sec. 480; *Osborne* v. *Johnson, etc., Co.,* 99 Ala., 309, 13 South., 776; *Woodbury* v. *Grimes,* 1 Colo. 100; *Templeton* v. *Horne,* 82 Ill., 491; *Chopin* v. *Billings,* 91 Ill., 539; *Webb* v. *Moore,* 25 Ind., 4; *James* v. *Andrews,* 1 Liv. Law. Mag., 147; *Evans* v. *Montgomery,* 4 Watts & S., 218. The supreme court of Illinois in *Templeton* v. *Horne,* 82 Ill., 491, says: "A change in the manner of enforcing a lien which leaves efficient remedy is constitutional."

*C. G. Mayson* and *McWillie & Thompson,* for appellee.

A proper construction of the statute itself will require the affirmance of the judgment of the court below. How should the statute, Code 1906, § 2772, be construed? Its first sentence, speaking aside from the fact that the same language is contained in the like section of the previous code, clearly relates to mortgages and deeds of trust to be executed after the Code of 1906 became operative. The second sentence by its terms relates to deeds of trust to be executed after the section became operative. The third sentence beginning with the words "Sale of said lands shall be advertised for three weeks" etc., evidently relates back to the preceding parts of the section and therefore relates to sales made under deeds of trust and mortgages executed after the section became operative. The sentence of the section next following beginning with the words "No sale of lands under a deed of trust shall be valid" etc., relates to the sales mentioned in the preceding parts of the section and the words "regardless of any contract to the contrary" were used in view of the fact that deeds in trust executed after the code should become operative might follow old forms or the parties might undertake by contract to disregard the statutory provision.

In the light of the foregoing observations it seems clear that the statute has no application and was never intended to be applied to deeds of trust executed before it became operative.

The deed of trust involved in this case was executed on March 10, 1906; by its terms it provided that the trustee therein named might make sale of the property "after giving notice for ten days of the time and place of said sale." This was a part of the contract between the parties and no subsequent legislation could impair its obligation. Let us see whether the authority cited by the court reaches this case. According to the writer of the Encyclopedia (28 Am. & Eng. Ency. of Law, 2d ed., 798, par. dd.) the law in force when a sale is made controls in the

matter of publication if such be the legislative intent, and for this the cases of *Atkinson* v. *Duffy*, 16 Minn., 45, and *James* v. *Stull*, 9 Barb. (N. Y.), 482, are cited. The statement of the text writer was not made with the constitutional question in mind; he wrote with reference to general laws relating to the foreclosure of deeds of trust or mortgages with power of sale; this is quite apparent when the cases cited are examined. It is shown certainly by clear inference, in the case of *Atkinson* v. *Duffy*, 16 Minn., that by the laws of that state the sale of property under mortgages or deeds of trust when made by a trustee was regulated by a general statute. The mortgage there in question contained the usual statutory power of sale, that is to say, it provided for a sale under the general statutes to be made by the sheriff of the county upon the terms on which, by law, execution sales were required to be made. The law there in question required notice of sale to be published seven weeks and not six weeks as was provided under the previous statute in force when the mortgage was executed. A sale was made after the giving of the seven weeks' notice as provided in the new statute. The supreme court of Minnesota held that the sale was good, the mortgage in question, providing for a sale according to the statute, was made in view of an amendment of the statute, and as its terms failed to negative the idea of a new statute being applicable, it was held to have been made in subordination thereto. The case, however, went off on the idea that one week's additional notice of the sale could not be made the basis of complaint by the mortgagor.

The case of *Lowell* v. *North,* 4 Minn., 32, cited in *Atkinson* v. *Duffy* as authority for application of the statute does not touch the constitutional question involved at all.

The Minnesota court, however, in a later case, *O'Brien v. Krenz,* 36 Minn., 136, declared an act of the legislature to be unconstitutional which undertook to forbid foreclosures under power of sale in mortgages executed before its passage.

The other case cited in note 6 to the Encyclopedia, *James* v.

*Stull,* 9 Barb. (N. Y.), 482, was a case wherein a deed of trust
or mortgage provided that the trustee should make the sale "ac-
cording to law," and the court decided that the terms "accord-
ing to law" meant in accordance with the law in force at the
time of the sale. This of course is not authority for the legis-
lative power to encroach upon the terms on which the parties
have agreed that the sale shall be authorized.

The case cited in note 7 of the Encyclopedia is a splendid
argument in favor of the position which we take. We earnestly
ask the court to read this case, *International B. & L. Associa-
tion* v. *Hardy,* 86 Texas, 610 ; s. c., 40 Am. St. Rep., 870. The
Texas act of March 21, 1889, as shown by the reported case, in
terms applied to all sales of real estate thereafter made under
power conferred by any deed of trust or other contract, and the
court determined that it was the intention of the legislature to
make it apply to sales under contracts made before its passage
as well as those afterwards made. See middle par. page 871,
40 Am. St. Rep. The constitutional question was sharply pre-
sented in the case. The Texas court tells us that the purpose
of the parties in making the mortgage contract and in giving
the power to sell the mortgage property in accordance with the
terms of the instrument were two-fold. The leading purpose
was to give the lien to secure the debt and if the contract had
gone no further there is no doubt that it would have been within
the power of the legislature to change the remedy then existing
for the enforcement of the right in any respect that did not
essentially affect the right secured. The contract, however, had
in view and its terms gave and was intended to give to the cred-
itor a remedy by which he might enforce his right against the
mortgage property without resort to the ordinary remedy given
by law. When the deed of trust involved in this case was made
it was legal. The parties contracted that the sale might be
made on the terms designated therein. The creditor acquired
the right, without resorting to ordinary statutory remedies, to
have the property sold by the trustee on the notice specified.

This was a right acquired by contract and the legislature cannot in the face of the constitution of the United States and of the State of Mississippi, take from a person a right which he has acquired by contract. If so our constitutions are myths.

The constitutional provision which forbids legislation impairing the obligation of contract affecting property or pecuniary rights are broad and embrace every such contract. The contract involved in this case secures the rights of the parties as to the subject matter of the contract and while the legislature may make alterations and changes in remedies generally speaking, it cannot do so where such alterations and changes impair the obligation of a contract. Where the very purpose of the contract is to secure a remedy which the law does not give and the contract is for a specific remedy, the contract is destroyed and its obligations impaired when the remedy is denied. In this case the specific remedy was the subject of the contract. That persons may contract for a remedy, lawful in itself, but not given by law for enforcement of a right, cannot be questioned, and when such remedy is the specific subject of a contract it cannot be taken away, although some other remedy be given. Some remedies rest in and upon contracts and must be exercised as provided by contract or not at all, and it certainly must be clear that the legislature has no power to change such a contract and make it in its changed condition obligatory on either party, because the legislature has no power to make contracts for parties. Read the quotation from the opinion of the supreme court of Virginia in the case of *Taylor* v. *Stearns,* 18 Gratt., 244, to be found on page 876, 40 Am. St. Rep. The supreme court of that state considering this question in all of its bearings, concluded that to admit the power of the legislature to modify and essentially vary the written stipulations of the parties would concede to the legislature the power to make a new contract and destroy the old altogether.

The case cited in the 8th note to the Encyclopedia, *Chiles* v. *Hill,* 20 Tex. Civ. App., 162, is but a reaffirmation of the case in 86 Tex. Civ. App., 40 Am. St. Rep.

A North Carolina case is decidedly pertinent, *Latham* v. *Whitehearst*, 69 N. C., 33. The legislature of that state passed an act which provided that sales should not be made by trustees under deeds of trust, whether theretofore or thereafter executed, until the mortgagee reduced his debt to a judgment. The supreme court adjudged the act invalid and unconstitutional in so far as it was sought to be applied to mortgages or deeds of trust executed before the passage of the act. There the legislature undertook to require that something more than what was specified in the mortgage should be done by the creditor before the sale could be made. The supreme court said "Nay," the parties have contracted and agreed that a sale might be made on certain terms, and subsequent legislation cannot deprive the creditor of a right to a sale on the specified terms, since by the contract he has acquired the right to the sale on those terms and to add something additional to the terms is to impair the obligation of the contract written in the deed.

Take the case now before the court; under the terms of the deed of trust as agreed to by the parties a sale could be made on ten days' notice. By the provisions of Code 1906, § 2772, if applicable to the case, a sale could not be made until after publication in a newspaper and posting at the court house of the county for three consecutive weeks. The legislature, therefore, if the section be applicable to the case, prohibited a sale, any sort of a sale, for eleven days. Under the deed of trust, on the first day of October, 1906, the trustee could have advertised ten days and sold on the 11th day of October, but if the Code section be applicable he would have had to advertise for twenty-one days had he then proceeded to a sale. So, the code section, if applicable to the case, prohibited a sale for eleven days. If the legislature can prohibit a sale for eleven days it can prohibit one for eleven years. It can no more prohibit a sale, according to the terms of the deed, without violating the obligation of the contract embodied in it, for eleven days than it can prohibit it altogether.

An additional suggestion touching the constitutionality of

the statute, if it is to be applied to deeds of trust executed before its passage, may be made. In the case before us the publication actually made, justified by the deed, was less expensive than the one mentioned in the statutory provision. If the section is to apply to sales made under deeds of trust executed before its passage the statute itself imposes costs and burdens on mortgagors. This surely cannot be done, however trifling that additional cost may be, for the legislature can no more impose one dollar additional cost on a mortgagor than it can impose additional costs to the extent of one thousand dollars. Under the Code section if applicable three publications in a newspaper are essential while under the deed of trust two were sufficient. The cost of the additional insertion would be imposed on the grantor in the deed because by its terms the lands are subject to sale not only for the debt but for the cost of the foreclosure proceedings. If, however, the mortgagee has to bear the additional costs the same result is reached. The legislature can no more impose additional costs on the one party than on the other.

MAYES, J., delivered the opinion of the court.

This case is controlled by the case of *Melsheimer* v. *McKnight, post* ——, 46 South., 827, as to the right of the trustee to name the time and place of sale.

It only remains for us to say that Code 1906, § 2772, providing that sale of lands under deed of trust shall be advertised for three consecutive weeks preceding the sale in a newspaper published in the county, etc., has no application to instruments executed before its enactment.*

The former judgment reversing this case is vacated, and a judgment now ordered to be entered affirming the case.

*Affirmed.*

---

* "The reporter has treated the briefs of counsel in this case, filed on a suggestion of error to the vacated judgment, as if filed before the first and vacated decision was rendered.