SARAH E. MELSHEIMER *v.* THEODORE McKNIGHT.

[46 South., 827.]

1. DEEDS OF TRUST.  *Trustee's sales.*  *Code* 1892, § 2484.  *Ib.*, § 3486.
*Time and manner of sale.*

A deed of trust fixing the place of sale and stipulating that "notice
and manner of sale to be as provided by law where no provision
is made in the contract:"—

(*a*) Is not wholly within Code 1892, § 2484, requiring sales under
mortgages with power of sale and deeds of trust, silent as to the
place and terms of sale and mode of advertising, to be made as
sheriff's sales of like property are made; 'but

(*b*) By the contract the statute last cited and Code 1892, § 3486, reg-
ulating sheriff's sales of land, govern as to notice and manner of
sale, leaving the day (but not the hour) of sale, after proper no-
tice, to the discretion of the trustee.

2. EJECTMENT.  *Judgment.*  *Parties concluded.*  *Res adjudicata.*  *Land-
lord.*  *Sub-tenant.*

A landlord, not made a party to and not having notice of an action
in ejectment against a sub-tenant, is not affected by the judg-
ment.

FROM the chancery court of Issaquena county.

HON. PERCY BELL, Chancellor.

Mrs. Melsheimer, appellant, was complainant in the court be-
low; McKnight, appellee, was defendant there.  From a decree
in defendant's favor the complainant appealed to the supreme
court.

In 1890 Peter Middleton and wife executed a deed of trust,
conveying the land in question, to secure Melsheimer, the hus-
band of the appellant, for money borrowed.  On March 10,
1903, a substituted trustee sold the land under the deed of trust,
and it was purchased by Melsheimer, the highest bidder for
cash, but the deed was made to Mrs. Melsheimer by her hus-
band's direction.  Afterwards McKnight purchased the land
from Peter Middleton and wife and brought an ejectment suit

against one Reed, a sub-tenant of the land in possession thereof, no notice of the ejectment suit being given to Mrs. Melsheimer, and McKnight obtained judgment for the possession of the land, and afterwards entered into possession. In April, 1904, complainant filed her bill in the chancery court, setting up her purchase of the property at the foreclosure sale, and prayed that the deed to defendant from Middleton and wife be canceled as a cloud upon her title. Defendant demurred to the bill; the demurrer was sustained, and the bill dismissed. The court below held that the trustee's sale at which complainant purchased was void, because not made in accordance with Code 1892, § 3486, as required by Code 1892, § 2484, providing that when sales under deeds of trust shall be made, if the instrument be silent as to the place and terms of sale, sales should be made as provided by law for sales under execution. Code 1892, § 2484, is as follows:

"2484. (1237.) *Same—How Sale Made When Terms Not Specified.*—If a deed of trust or mortgage, with a power of sale, be silent as to the place and terms of sale and mode of advertising, a sale may be made after condition broken, for cash, upon such notice, and at such time and place as is required for sheriff's sales of like property."

Code 1892, § 3486, relating to sheriff's sales of land, is as follows:

"3486. (1759.) *Sales of Land—How and When Made.*— Sales of land may be made on the first Monday of every month, or on the first Monday or Tuesday of a term of the circuit court of the county, and shall be advertised in a newspaper published in the county, once in each week for three successive weeks."

Other facts are stated in the opinion of the court.

*Dabney & Dabney*, for appellant.

The notice given for the sale was in conformity with the statute. The only feature of the deed of trust to be considered is the word "manner" as "the notice and manner of sale" were to

be as provided by law, where no provision is made in the trust deed; in other words, as provided by law for a sale under execution. The chancellor, in his opinion, holds that the word "manner" means "method of making the sale," that is "the means adopted and plan followed in the actual sale"; but he says that because there is no provision in the deed of trust as to the "time" of sale, that is to say the day of sale, it should have been made on a day provided for execution sales.

The error of this view, we think, is manifest; in the first place this statute has no application unless the deed of trust "be silent as to the place and terms of sale and mode of advertising." There must be silence as to each and every one of these; namely, place, terms and notice. If any one of them is provided for in the deed of trust, it does not fall within the statute. In the case at bar all three are named because it adopts as a part of the deed of trust, the provisions of the statute. The statute, therefore, by virtue of the provision, becomes operative as a part of the contract and not as the law. Therefore, the court manifestly erred in holding that the statute, as a law of the state, had no application whatever. But even if part of this statute were not made a part of the contract, by its terms, and notice and manner of sale were not provided for in the deed of trust at all; and admitting that the statute has application, still there is nothing in the statute to sustain the chancellor in his view that because the time (i. e. day) was not named in the deed of trust, one of the days named for execution sales should be adopted.

It will be observed that this statute does not say anything whatever about the time; it is only place, terms and mode of advertising, and we are at a complete loss to understand how the chancellor could have interpolated the word time into the statute.

He agrees with us that the word "manner" does not embrace the time (the day) of sale, and he bases his decision entirely upon the fact that no time is named in the deed of trust, although the statute contains no provision that where no time is

provided for in the deed of trust, the time for execution sales shall be adopted.

It is argued, however, by opposing counsel, that the word "manner" necessarily embraces that feature of the statute which fixes the day of sale.

The chancellor does not take this view of it, but he refers to this contention and seems to reach the conclusion that, in any event, the sale is void. He seems to have a process of reasoning which we cannot adopt and the fallacy of which, we think, is apparent.

In reply to opposing counsel as to this, we say it would be enlarging very much the ordinary definition and meaning of the word "manner" to have it comprehend so much. The lexicographers do not give it such a broad meaning as here contended for, that is, that "the manner of sale" should mean the particular day of the week on which the sale is to be made.

That the parties did not mean it, we think, is clear, when we come to consider that the purpose of the legislature in providing that sales under execution should be made on the first Monday of the month or the first or second day of a term of one of the principal courts of the county, was to have such sales made at times when the probabilities were the greatest for a large number of persons to be assembled at the court house. It is a well known fact that people as a rule assemble at court houses on the first two days of these courts, and on the first Mondays of months when the board of supervisors is in session, more than other days in the month; and it was evidently the purpose of the legislature to have these sales made at such times, when the probabilities were greatest for publicity and the chances of obtaining bidders. The deed of trust named Halpin Station as the place of sale. It is not a county seat as this court judicially knows. The greater the probabilities of persons assembling at the court house on the first Monday of the month, or the first two days of one of the courts, the greater the probabilities of a scarcity of persons at other points in the county, as the assem-

bling at the court house must necessarily be at the expense of the other parts of the county, and draw the people from those other sections.

It would follow that the reasons for having such sales made at the court house on one of those days would be the strongest reason why such sales should not be made at any other place in the county on such days.

The sale had to be made at Halpin Station, because so provided in the trust deed; therefore, of all other days, one of the days on which opposing counsel say the sale should have been made, would have been the worst day that could have been selected. It cannot be presumed that any such purpose and intention entered into the contemplation of the parties when this deed of trust was made.

*McKnight & McKnight,* for appellee.

The trustee's sale to complainant was void because it was not made on the first Monday of any month, nor on the first Monday or Tuesday of any term of the circuit court of Issaquena county.

The deed in trust provides that upon default being made in the debt secured the trustee "shall sell said property and land or a sufficiency thereof to satisfy the indebtedness aforesaid then unpaid, at Halpin Station in said county, notice and manner of sale to be as provided for by law where no provision is made in the contract."

The place is named, but the notice and manner of sale, which include everything else in reference to the sale except the place, are to be as provided for by law where there is no provision in the contract. This contract says in substance that the trustee shall sell at Halpin Station, but as to any other act he shall go according to the provisions of the law governing sales where there is no provision in the contract.

The object and purpose of the law contained in Code 1892, § 2484, as to the silence of deeds in trust with power of sale, was

to take away from the trustee the power which he theretofore held for fixing the time and place of sale. It is perfectly evident that this deed in trust had in view the very provisions of the law as contained in the above section, and especially in Code 1892, § 3486, which provides that the sale shall be made on the first Monday, etc., and shall be advertised in a newspaper, etc., and that the parties had agreed and had intended simply to fix the place and let this statute govern the rest, and that purpose and intention is covered by the words "notice and manner of sale to be as provided for by law where no provision is made in the contract."

If the effect of Code 1892, § 2484, was to take away from the trustee the power to fix the time, place, etc., of a sale, where none was fixed by the instrument, then the trustee had no power to fix the time, place, etc., unless the instrument itself clothed him with that power. The instrument in this case did not fix anything except the place and did not empower the trustee to fix that which was not fixed by it, but left everything else unprovided for unless everything else to be done by the trustee is covered by the expression "notice and manner of sale." There can be no doubt about the notice required being that mentioned in Code 1892, § 3886, and the only disputed point is whether the manner of sale covers everything else with reference to the making of the sale except the place and advertisement. In other words, does manner of sale cover the time at which the sale is to be made. We respectfully submit that under the two sections quoted there is nothing else to be covered by manner of sale except that it is to be sold for "cash . . . and at such time . . . as is required for sheriff's sales of like property." This deed in trust writes the statute into itself.

Our contention is not in conflict but in accord with the holding of this court in the case of *Goodman* v. *Building & Loan Association,* 71 Miss., 310, 14 South., 146, and *Williams* v. *Dreyfus,* 79 Miss., 245. See also as to Manner of Sale, 28 Am. &

Eng. Encyc. of Law (2d ed.), 804 (3) and notes 4 and 5, and *Harris* v. *Doherty,* 119 Mass., 142; *The Bank* v. *McClure,* 64 N. W., 992.

Code 1892, § 1677, makes judgments in ejectment *res adjudicata* against "all persons claiming from, through or under the party against whom it is recovered," and the landlord, who claims the reversion "from" the tenant is bound by the judgment against the sub-tenant.

MAYES, J., delivered the opinion of the court.

It is our view that the demurrer should have been overruled. In so far as is shown by the bill of complaint, which is admitted by the demurrer, the sale of March 10, 1903, was a valid sale and conveyed a good title to the purchaser. The deed of trust provides, in case of default being made in the payment of the debt secured, thereby making it necessary to sell the property, that the trustee "shall sell said property and land, or a sufficiency thereof, to satisfy the indebtedness aforesaid then unpaid, at Halpin Station, in said county, notice and manner of sale to be as provided by law where no provision is made in the contract." By the terms of the mortgage contract Code 1892, § 2484, is to be operative in the enforcement of the contract to the extent specified; that is to say, the notice of sale shall be as required by the statute, and the manner of sale shall also be according to the statute. These are the only two elements of the contract left to the control of the statute for enforcement. Code 1892, § 3486, providing how notice of sales shall be given, requires advertisement in a newspaper published in the county for three consecutive weeks. The allegations of the bill show more than a compliance with the statute on the subject of notice. Therefore this question is eliminated from the discussion.

The manner of sale is fixed by Code 1892, § 3489. By this section the sale must be made at auction to the

highest bidder for cash, not sooner than 11 o'clock in the forenoon nor later than 4 o'clock in the afternoon. This is the manner in which the sale is to be made by incorporating into the contract the statute, and the bill shows a compliance with this requirement, unless it can be said that the manner of sale mentioned in the contract necessarily includes the other element of the statute which fixes the time of sale; that is to say, the particular day of the month on which all sales made by law are to take place. We cannot agree that a correct interpretation of this contract makes it necessary, not only to give the same notice and to make the sale in the same way that the law requires, but also to require that the sale be made on no other day of the month than the one designated by law for sales of land under execution. The contract expressly limits the operation of the statute to the two things named; that is, notice and manner of sale. Manner of sale in this contract only means that the statute shall control as to the hours within which the sale shall be made, and that the property shall be sold at public auction to the highest bidder for cash. The place where the sale shall be made is named in the contract, and the day on which it shall be made constitutes no part of the manner of sale named in the contract, but is left to the discretion of the trustee to name, provided, only, that the day named shall be after the time it is required that the notice shall be published.

This deed in trust is not silent either as to the place or terms of sale within the meaning of Code 1892, § 2484. The place is named expressly, and the terms of sale are fixed in the contract, as provided for in Code 1892, § 3489. Therefore by the contract both the place and terms of sale are fixed, and the day of the month on which this sale shall take place is left in this contract to fixation by the trustee after proper notice. It did not have to be on the first Monday of any month in order to be valid, and, of course, it was unnecessary that it be made on the first Monday or Tuesday of a

term of the circuit court of the county.   There could be no reason for this last requirement, since a circuit court is not held at Halpin Station at any time.

No precise rule can be framed by which it may always be determined in all cases the exact meaning of the word "manner," etc., when used in a contract or statute.   The particular contract or statute in which it is used must always be examined, and its meaning determined in the light of same.   In *Bankers' Life Ins. Co.* v. *Robbins,* 59 Neb., 174, 80 N. W., 484, it is said: "The manner of doing a thing has reference to the way of doing—to the method of procedure—and the element of time does not seem to be involved."   In *United States* v. *Morris,* 1 Curtis (U. S. C. C.), 23, Fed. Cas. No. 15,815, it is said: "Generally the time of doing an act and the manner of doing an act are distinct things."   See, also, *Goodman* v. *Durant,* 71 Miss., 310, 14 South., 146; *Williams* v. *Dreyfus,* 79 Miss., 245, 30 South., 633.

We do not deem it necessary to discuss the other questions raised by the demurrer, further than to say that the appellant is not affected by the judgment in ejectment, rendered against the tenant of a tenant, since she had no notice of the suit in any way and was not made a party to same.

The case is reversed and remanded, with leave to answer within thirty days from date mandate is filed in the court below.

*Reversed.*