LYNCHBURG SHOE CO. *v.* CASTLEMAN ET AL.

[76 South. 878, Division B.]

MORTGAGES. *Trust deeds. Foreclosure. Time of sale. Code* 1906, *sections* 2772, 2821-3984.

Where a trust deed provided that the trustee may take possession of the trust property and sell the same at public outcry after giving legal notice of the time, place and terms of the sale in the county in which the property is situated, it was sufficient that he complied with section 2772, Code 1906, as to notice of the sale, and it was not necessary to hold the sale in accordance with sections 2821 and 3984, which fix the time for sale only when the trust deed itself is silent as to the place and terms of sale and mode of advertising.

APPEAL from the chancery court of Washington county.

HON. E. N. THOMAS, Chancellor.

Suit by the Lynchburg Shoe Company against Pauline Castleman and others. From the judgment rendered, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Somerville & Somerville,* for appellant.

Section 2821, applies and the sale is void. This section of the Code provides that if the mortgage or trustee deed be silent in its grant of powers, then the powers shall be carried out as if the sale were being conducted by the sheriff.

The section of the Code is quoted here for convenience. If a deed of trust or mortgage, with power of sale, be silent as to the place and terms of the sale and mode of advertising a sale may be made after conditions broken, for cash, upon such notice, and at such time and place as is required for sheriff's sale of like property."

The construction of this section of the Code, we think is conclusive in this case. The date for sheriff's sales is the first Monday in each month, etc., and it is admitted that this sale was had and conducted on a date other than the date set for sheriff's sales, the question therefore is whether this sale should have been on a date for a sheriff's sale.

In the first place we insist that the appellee has practically admitted that this section of the Code applies; the sale was advertised for the time, and in the manner required for a sheriff's sale, section 2872 requiring it anyway; he has gone still farther; he has conducted the sale between the hours of 11 a. m. and 4 p. m. to wit: at noon; he has gone still farther and had the same made for cash, and at the court house door of the county where the land is situated. In short he has wholly and completely complied with section 2821 except in the particular of the date set for the sale.

We insist that the construction placed on this instrument by appellee and by the chancellor does violence to the English language. They contend, and the learned chancellor upheld them in this contention, that for this section of the Code to apply, the instrument had to be absolutely and entirely silent on the subject. Well it is

for this court to say, and we hope the court will say so that the matter will be settled for all time to come; but we most earnestly insist that our grammer does not run that way, and we do not so read the previous rulings of this court.

The construction asked by the appellee is indeed a refinement and if allowed, would construe the law off the statute books if followed to its logical conclusion. Let us inquire as to how a trust might be silent. If it said nothing about the place, terms or method of sale, or the method of advertising, how could or would it contain a power of sale. If the trust deed was absolutely silent on all of these subjects we insist that it would then not even permit a sale; we can hardly picture a trust deed having any power of sale at all that did not have some remote reference to the sale. Under the construction contended for by appellee if it had any remote reference to the place for the sale or the terms of the sale or the method of advertising, then it was not silent. This would be absurdity and would render the statute ridiculous.

This court held, in the case of *Polk* v. *S. S. Cale & Sons*, 47 So. 386, 93 Miss. 664, that where a trust deed provided for a sale at S. S. Dale's store, that it was silent, and that the section 2821 applied, for this reason towit; that the store was in a county other than the land and Acts 1896, p. 109, ch. 103, provided that the land had to be sold in the county where the land was situated. The effect was that the law struck out of the trust deed the place, and it was therefore under the opinion of this court silent in this respect. The trust deed being in this attitude, the court said that this section we quote should have applied and that the instrument should be foreclosed in accordance with the statute. The trust deed specified all of the items referred to by the statute, and was only rendered silent because the statute struck out a part of the trust deed. The court holds that section 2484, Code 1892, which is 2821 of the Code of 1906, applies to the trust deed.

It will be noted that the court also holds in this case that if the trust deed is silent as to any of the three particulars in question that then section 2821 of the Code applies. This is the necessary decision in that case for the trust deed covered everything save for the fact that the place was an impossible place.

The court then seems to hold that the section does not apply, citing a Texas case, in so far as the valid provisions of the trust deed, apply and winds up with the assertion that the appllee is bound by the decision of the lower court which would render the matter uncertain. This is unconsequential in the case at bar however for if section 2821 applies at all in this case, it applies as to the time for sale.

The appellee does not dispute the above propositions, but seeks to validate the sales on the dates in question by saying that the power and authority is vested in the trustee in this case to determine what date he may want for the sale of the property, what terms he will sell on and what place he will select for the sale of the property. This is under the former decisions of this court, all of which are easily distinguishable. We note them before proceeding further. *Goodman* v. *Durant Bldg. & Loan Assn.*

The trust deed provided that the trustee should "advertise said property for sale, naming the time, place and terms of sale." Judge CAMPBELL very properly says that "empowering one to name time, place and terms is just as if the time place and terms were inserted in the instrument," 71 Miss. 310. *Williams* v. *Dreyfus,* 79 Miss. 249.

The trust deed provided that the sale should be made after thirty days' notice had been given by posting notices, etc., and that the property should be sold for cash at public outcry, at Jackson or any suitable place. The court held that this was not silent for it specified everything but the place, and said Jackson, or any other suitable place which by necessary implication meant a

place to be selected by the trustee if Jackson did not suit him.

The only other place in the records of this court where this statute is referred to is in the case of *Davis* v. *O'Connell,* but that case is not an authority in the matter for the briefs of counsel in the case show the question was not presented by them, and the record does not show the provision of the trust deed.

It will be observed that this court has never said what will be silence and what will not in the contemplation of section 2821.

If the trust deed in this case gives the trustee power to name his place of sale, then the trust deed in the case of *Polk* v. *Dale,* did, for they each have the identical clause of giving notice of the time, place and terms of sale. The court in the *Polk* v. *Dale case* decided that this amounts to nothing; we ask the court to hold that it means nothing in this instance. The only difference is that in this instance the trust deed says legal. In the case of *Polk* v. *Dale,* the trust deed then, after specifying the above went on, and not being silent said that notice should be for ten days, posted in three places, and that the property should be sold for cash. We insist that a close examination of the *Polk* v. *Dale case,* shows it to be conclusive of this case.

Boiled down to its last analysis this matter is simply a construction of this language in the trust deed. This like many other things is susceptible of two constructions, varying with the way the question is presented. It might be good for some purposes but mean another thing for others. We ask the court to construe the power of the trustee strictly, and we make this request advisedly. This court has decided in numberless cases that the power and authority conferred upon a trustee, and the execution of the same is strictly construed in favor of the mortgagor or owner of the land; in this instance his assigns. *Allen* v. *Alliance Trust Co.,* 84 Miss. 330; *McCaughan* v. *Young,* 85 Miss. 289.

See brief of Percy & Campbell, page 325 of 84 Miss.
We feel sure that Campbell & Cashin will adhere to the
same law that the same R. B. Campbell laid down there.
*Wilczinski* v. *Watson*, 69 So. 1009, 110 Miss. 86; *Ry. Co.*
v. *Hunter*, 70 Miss. 471; *Bowman* v. *Roberts*, 58 Miss.
126.

*Campbell & Cashin,* for appellee.

The second question presented. which is not covered
by the briefs in the two companion cases above referred
to, is that the trustee, in making this sale, was required
to make the same in accordance with the provisions of
sections 2821 and 3984 of the Code. In other words, the
argument of appellant is that the trust deed, under which
one of the foreclosures involved in this case was made,
is silent as to the place and terms of the sale and the
mode of advertising the same, and that, therefore, the
place and terms of sale and the mode of advertising are
governed by sections 2821 and 3984 of the Code.

The provisions of the trust deed in question, as ap-
pears on page 29 of the transcript, is as follows: "The
trustee herein may take possession of said property and
sell the same at public outcry, after giving legal notice of
the time, place and terms of the sale in the county in
which the property is located." We respectfully submit
that this trust deed is not silent as to the place and terms
of the sale and the mode of advertising the sale, but that
the trust deed vests the trustee with discretion to fix the
time, place and terms, Therefore, section 2821 does not
apply. *Goodman* v. *Durant Bldg. & Loan Ass'n,* 71 Miss.
310. The only legal notice that can be given of the time,
place and terms of a sale of land under a mortgage with
power of sale, or trust deed, is fixed by section 2772 of
the Code, and, by virtue of said section, no sale of lands
under deed of trust or mortgage with power of sale shall
be valid unless such sale shall have been advertised as

provided for therein, regardless of any contract to the contrary.

Therefore, while this trust deed vested the trustee with authority to sell the property conveyed therein at public outcry, after "giving legal notice of the time, place and terms of the sale," all of which is fixed by the statute, section 2821 of the Code could not apply, because the trust deed is not silent as to the place and terms of sale, and the mode of advertising the same. The trustee is authorized to fix that, and he must fix it, as prescribed by section 2772.

We might add that if section 2821 did apply, and the sale had to be made as prescribed by section 3984, as directed by section 2821, then the note would be void, because in conflict with section 2772, section 3984 is as follows: "Sales of land may be made on the first Monday of every month, or on the first Monday or Tuesday of a term of the circuit court of the country, and shall be advertised in a newspaper published in the county, once in each week for three successive weeks."

It will be noticed that section 2772 of the Code provides as follows: "Sale of said lands shall be advertised for three consecutive weeks preceding such sale, in a newspaper published in the county, or if none is so published, in some paper having a general circulation therein, and by posting one notice at the court house of the county where the land is situated, for said time. No sale of lands under a deed of trust or mortgage shall be valid unless it has been advertised as herein provided for, regardless of any contract to the contrary."

The court will observe that, by section 3984, the sheriff is not required to post a notice at the court house door, but is only required to advertise in a newspaper published in the county once each week for three successive weeks.

The court will remember that in *Wilszinski* v. *Watson,* 69 So. 1009, 110 Miss. 86, it was intimated by Judge

SMITH that the method to be pursued in selling lands under deeds of trust is not subject to regulation by contract, because it is a judgment, Section 2772 of the Code as amended by chapter 190 of the Laws of 1908, prescribes and exclusive method for such sales. Both the majority and the dissenting opinion in that case is clear law to the effect that any sale not advertised in accordance with the provision of section 2772 is void. Therefore, if section 2821, and its correlative section 3984, as applied to the method of advertisement, were pursued in this case, the sale would be void, because no notice of sale is required by section 3984 to be posted at the court house.

We do not deem it necessary to answer the argument advanced by counsel for appellant in the reply briefs in the case of *Lake, Trustee* v. *Castleman,* for the reason that it was clearly explained to the court and conceded by counsel for appellant that section 1608 of the Code destroyed the force and effect of their argument in reference to the advertisement being continuous, that is to say, every day, if made in a daily newspaper.

We respectfully submit that the decree of the learned chancellor below in this and the two companion cases above mentioned were correct, and should be affimed.

STEVENS, J., delivered the opinion of the court.

One point presented on this appeal—that is, the sufficiency of the publication of the notice of the trustee's sale under which appellees claim title—is controlled and disposed of by the opinion in the companion case of *J. Albert Lake et al.* v. *Pauline Castleman,* 76 So. 877, No. 19796. The issue in this case was presented by a bill of complaint exhibited by appellant, the Lynchburg Shoe Company, against appellees, Pauline Castleman, Solomon and Frieda Davidow, N. W. Sumrall, and others, to set aside the foreclosure of a deed of trust under which appellee Mrs. Castleman claims. The

bill charges fraud and collusion against appellees, Mrs. Castleman and N. W. Sumrall, trustee. The additional point made in this case is the contention that the trust deed was silent as to the time, place, and terms of sale, and, being silent, section 2821, Code of 1906, applies, and by virtue of the provisions of section 2821, the sale should have been made on the first Monday of a month, or at least on the Monday or Tuesday of a term of court, as provided by section 3984, Code of 1906. The provision of the trust deed in question reads:

"The trustee herein may take possession of said property and sell the same at public outcry, after giving legal notice of the time, place, and terms of the sale in the county in which the property is located."

It is the contention of appellant that under this provision the trust deed is silent as to the place and terms of sale and mode of advertising, and that the sale here attacked, having been made on the last day of the month; instead of the first Monday, is void. The chancellor dismissed the bill, and accordingly decided against appellant on the facts.

The alleged fraud in this case was not proved and the decree of the learned chancery court cannot be reversed on that ground. In foreclosing, the trustee fully complied with section 2772, Code of 1906, so far as the provisions of that section are applicable. If we follow the decision of our court in *Goodman* v. *Durant B. & Loan Ass'n*, 71 Miss. 310, 14 So. 146, the trustee in this case was empowered to fix the time for the sale. The trust deed is not silent as to the place and terms of sale and mode of advertising. Since the enactment of section 2772, the trustee must of course comply with this statute providing how land should be sold under mortgages and deeds in trust. It is not contended that he failed to comply with this section, and, having the delegated power to name the time for the sale, there is no infirmity in appellees' title.

*Affirmed.*