Cook *et al. v.* Taylor *et al.*

(In Banc. Sept. 23, 1946. Suggestion of Error Overruled Nov. 11, 1946).

[27 So. (2d) 404. No. 36090.]

**Butler & Snow,** of Jackson, and **Bridgforth & Love,** of Yazoo City, for appellants.

Wells, Wells, Newman & Thomas, of Jackson, for appellees.

Lotterhos, Travis & Dunn, Satterfield, Ewing & Hedgepeth, Green & Green, Irwin W. Coleman and C. C. Richmond, all of Jackson, Travis & Travis and Hathorn & Hathorn, both of Hattiesburg, Lee D. Hall, of Columbia, R. L. Jones, of Brookhaven, and John E. Green, of Houston, Tex., amici curiae for appellee.

White & Morse and Mize, Thompson & Mize, all of Gulfport, W. E. Morse, of Jackson, and Ralph B. Shank, of Dallas, Tex., amici curiae on interpretation of Section 2167, Code of 1930.

White & Morse and Mize, Thompson & Mize, of Gulf-port, **W. E. Morse**, of Jackson, and **Ralph B. Shank**, of Dallas, Tex., amici curiae, on suggestion of error.

Argued orally by **Walter R. Bridgforth,** and **Chas. B. Snow,** for appellants, and by **Earl T. Thomas,** for appellees.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

The question for decision involves the foreclosure of a deed of trust to lands in both Yazoo and Madison Counties, all in one body. The appellees, as complainants in the trial court, brought suit to cancel the trustee's deed to appellant Cook, and certain subsequent transactions affecting the land, as clouds on their title to the lands so located. Appellants, as defendants, demurred to the bill; demurrer was overruled, and appeal granted here to settle all the general controlling principles of the case.

The complaint charged that the trustee's deed to appellant was void and of no effect; and that the foreclosure sale was not valid and did not divest the title to said lands out of complainants, mortgagors. The reason assigned is: "That the property conveyed and described by the deed of trust shown as Exhibit A hereto, lies in two counties, to-wit: in the County of Madison and in the County of Yazoo, and that said substituted trustee, in attempting to foreclose said deed of trust, wholly failed and neglected (a) to advertise the sale of said lands for three consecutive weeks preceding such sale in a newspaper published in Madison County, Mississippi, although a newspaper is regularly published in said last mentioned county, and (b) to post a notice of such sale of lands at the courthouse of Madison County, in Canton, Mississippi, for such time, both of which are required by the laws of the State of Mississippi, and particularly Sections 2167, 2162 and 2168 of the 1930 Mississippi Code Annotated, to make and effect a good and lawful sale, and that said substituted trustee attempted to conduct said foreclosure

sale after having published an incorrect, insufficient and void notice in a newspaper published in Yazoo County, Mississippi, and after having posted an incorrect, insufficient and void notice at the courthouse in Yazoo County, Mississippi, notwithstanding the necessity under the law of posting and publishing as required by law a notice of sale in both Yazoo County and Madison County, Mississippi."

The foreclosure was had on January 2, 1933, and trustee's deed executed the same day. The land is described as "The Northeast Quarter and the North Half of the Southeast Quarter and the Northeast Quarter of the Southwest Quarter of Section 1, Township 11, Range 2 East, the North Half and the North Half of the Southwest Quarter of Section 5, Township 11, Range 3 East, the North Half and the North Half of the South Half of Section 6, Township 11, Range 3 East; the East Half of the Southeast Quarter of Section 36, Township 12, Range 2 East, the Southwest Quarter and the West Half of the Southeast Quarter of Section 31, Township 12, Range 3 East, and the Southeast Quarter of the Southwest Quarter of Section 5, Township 11, Range 3 East, all of said land except that part of said section 5, which lies south and east of Big Black River being in Yazoo County, and State of Mississippi, and that lying south and east of said river being in Madison County in said state."

The power of sale in the trust deed provides that the trustee ". . . shall proceed to sell said land and property, or a sufficiency thereof to satisfy the indebtedness aforesaid, then unpaid, after having first given notice of the time, place and terms of such sale, together with a description of the property to be sold, by publication in some newspaper published in said Yazoo County, Mississippi, for three consecutive weeks next preceding the date of such sale, and by posting a notice similar to the published notice at the main front door of the county Courthouse of Yazoo County, in said state, for said time, . . . ."

The trustee's advertisement of the sale, both in the newspaper and in the posted notice, and the trustee's deed, all contained the same description. The sale was advertised only in Yazoo County. It was published in a Yazoo City newspaper and posted at the courthouse, and was made at the main door of the courthouse in Yazoo County. The trustee's deed contains the following recital: "Whereas, on the date and at the place aforesaid and at the hour of 2:20 o'clock P. M., I did offer said property for sale at public auction, pursuant to said notice, when G. P. Cook appeared and bid therefor the sum of $4,000.00, which said bid was the highest and best bid received for said property and the same was therefore knocked off to the said G. P. Cook and he declared the purchaser thereof. I first offered said property in separate lots and parcels and then offered the same as a whole and the bid aforesaid was more than the aggregate of all of the bids received for said property in separate lots and parcels." The trustee's deed then conveyed all of said land to appellant G. P. Cook for the said price of $4,000.00.

Special Demurrer No. 1 filed by appellants challenging the original bill of complaint, in its pertinent part, is as follows: "The bill of complaint shows on its face that in any event the larger portion of the land covered by the deed of trust is situated in Yazoo County, Mississippi, and that the sale was had in Yazoo County, Mississippi, and the advertisement thereof was had and notice posted in Yazoo County, Mississippi, for the time and in the manner as required by law and the consequent sale of said land valid." Appellants argue that the original bill does not recognize their view that under the law of Mississippi it would be impossible to foreclose this deed of trust in any manner than by holding a sale in Madison County for the Madison County lands, and a sale in Yazoo County for the Yazoo County lands. They further argue that the sale was perfectly good as to the Yazoo County lands, and that no sale was made of the Madison County lands,

so therefore, they say, their special demurrer should have been sustained instead of overruled, as it was by the chancery court.

The appellees, on the contrary, argue that failure to publish the posted notices of sale in both Yazoo and Madison Counties invalidated the sale as to all of the land involved, since the land was stiuated in two counties and constituted one single tract wholly described by subdivisions of the governmental survey. Appellees further contend that the lands attempted to be foreclosed could have been effectively conveyed by the trustee's deed, if properly advertised in both counties, although sold as a single tract in Yazoo County, under the power of sale contained in the trust deed. However, they say that failure to advertise in Madison County invalidated the entire sale.

This issue requires a construction of Section 2167 of the Code of 1930. We quote the pertinent parts: "All lands comprising a single tract, and wholly described by the subdivisions of the governmental surveys, sold under mortgages and deeds of trust hereafter executed, shall be sold in the manner provided by section one hundred and eleven of the constitution for the sale of lands in pursuance of a decree of court, or under execution. All lands sold at public outcry under deeds of trust hereafter executed, or the contracts hereafter made, shall be sold in the county in which the land is located, . . . provided that where the land is situated in two or more counties the parties may contract for a sale of the whole in any of the counties in which any part of the land lies. Sale of said land shall be advertised for three consecutive weeks preceding such sale in a newspaper published in the county, or, if not is so published, in some paper having a general circulation therein, and by posting one notice at the courthouse of the county where the land is situated, for said time . . . No sale of lands under deed of trust or mortgage shall be valid unless such sale

shall have been advertised as herein provided for, regardless of any contract to the contrary. . . ."

Section 2772 of the Code of 1906 is practically the same as Section 2167 of the Code of 1930. The statute is in derogation of the common law, and therefore the requirements thereof must be strictly followed. Wilkinson v. Federal Land Bank of New Orleans, 168 Miss. 645, 659, 150 So. 218, 151 So. 761. We said in the case of Goodman v. Durant Bldg. & Loan Association, 71 Miss. 310, 14 So. 146, "The trustee had the right to name the places of sale. Section 2484 of the Code of 1892 does not hinder the grantor from authorizing the donee of a power in a mortgage or deed of trust to designate the time, place and terms of sale. The statute comes in when the instrument is silent on the subject. Empowering one to name time, place, and terms is just as if the time, place, and terms were inserted in the instrument by the maker, for, done by authority conferred by him, it is as if done by himself." See also Lynchburg Shoe Company v. Castleman et al., 116 Miss. 188, 76 So. 878; Williams et al. v. Dreyfus et al., 79 Miss. 245, 30 So. 633; Davis v. O'Connell, 92 Miss. 348, 47 So. 672; Melsheimer v. McKnight, 92 Miss. 386, 46 So. 827. The trustee, therefore, was empowered by the authority of the trust deed to sell the whole tract of land involved in Yazoo County, but he was not empowered, since he could not have been empowered by such authority, to limit the advertisement thereof and the posting of notices to one county under the conditions here. The statute requires advertisement in a newspaper published, and notice posted, in both counties, and prohibits any contract to the contrary in the following language: "No sale of lands under a deed of trust or mortgage shall be valid unless such sale shall have been advertised as herein provided for, regardless of any contract to the contrary."

We had this question before us heretofore in the case of Connecticut General Life Ins. Company v. Lombard, 185 So. 260, 261. During the pendency of a Suggestion

of Error, the parties announced to the Court that they had settled their differences, whereupon, pursuant to custom, the Court withdrew the opinion and directed that it not be published in the State Reports, 189 So. 818. The Suggestion of Error did not attack the reasoning of the Court or the holding of the Court on the point involved but dealt wholly with other matters. The opinion was not withdrawn because the Court felt that it had committed error in reaching the conclusion therein expressed as to the similar issue involved here. So, although not a precedent, we have re-examined that case. We do not agree that it was incorrectly decided, as urged by amici curiae arguing on the side of the appellants. In the cited case, the lands were located partly in Coahoma County and partly in the first and second districts of Bolivar County. Notice of the foreclosure sale was published in the Clarksdale Daily Register, a newspaper published in Coahoma County, and a copy of the notice placed on the bulletin board at the courthouse in Clarksdale, Coahoma County. The sale was had in Coahoma County. No advertisement was made in any newspaper in Bolivar County, nor did the trustee post any notice of the foreclosure sale in that county. The opinion of the Court [185 So. 265] contained this observation: "It will be noted from the statute, section 2167, Code of 1930, that the property may be sold in the county in which the land is located or in the county of the residence of the grantor or one of the grantors in the deed of trust, provided that where the land is situated in two or more counties the parties may contract for the sale of the whole in any of the counties in which any part of the land lies. It is contended by the appellant that this power given by the statute to contract for the sale of property in one of the named places carries with it, by necessary implication, that the advertisement need not be made in any other county than that in which the sale was made. But, it will be noted that the statute proceeds: 'Sale of said land shall be advertised for three consecu-

tive weeks preceding such sale, in a newspaper published in the county, or, if none is so published, in some paper having a general circulation therein, and by posting one notice at the courthouse of the county where the land is situated, for said time, and such notice and advertisement shall disclose the name of the mortgagor or mortgagors whose property is advertised for sale.' '' We further held there that this provision clearly contemplated a legislative purpose to require that the land shall be advertised in the county where the land is situated in a newspaper published therein, if any, and by posting notice thereof at the courthouse of such county, pursuant to a wise purpose of the legislature to have persons living near the lands or in the county in which the lands are situated at least to have notice of the sale to the end that such persons could bid on the lands, since it would probably be not only to the interest of the debtor to have the land bring the best price, but also to the interest of the public to have the opportunity to buy lands which are offered under such circumstances. We also called attention to the prohibition of the statute against any contract for the change of the rule as to such advertisement and notice. We are also of the opinion that the advertisement procedure by the trustee in the case at bar was not in accordance with the legislative plan, and the sale here was void because of such violation of the mandatory requirements of the statute.

The recitals of the deed of trust reveal compliance with Section 111 of the Constitution of 1890 as to the sale of the land in parcels. The whole tract was described in governmental subdivisions, was embraced in the terms of the trust deed, advertised for sale and included in the conveyance of the trustee's deed. Furthermore, the purchase price paid by appellant Cook in the amount of $4,000 was for the entire tract. There was no advertisement thereof in a newspaper published in Madison County and by posting at the courthouse door of Madison County. The entire sale was void. The decree of the

chancery court was correct in overruling the demurrer, and therefore the decree will be, and is, affirmed, and the cause remanded for further proceedings consistent herewith.

Affirmed and remanded.

**Sydney Smith, C. J.**, did not participate in this decision.